



1AC

# U.S. District Court
# Western District of North Carolina (Charlotte)
# CIVIL DOCKET FOR CASE #: 3:08-cv-00053-MR-DCK
# Internal Use Only

Everlight U.S.A., Inc. v. Carotrans International, Inc.
Assigned to: District Judge Martin Reidinger
Referred to: Magistrate Judge David Keesler
Case in other court: Mecklenburg County Superior Court,
NC, 07-CVS-25756
Cause: 28:1446 Notice of Removal

Date Filed: 02/12/2008
Jury Demand: None
Nature of Suit: 340 Marine
Jurisdiction: Diversity

## Plaintiff

**Everlight U.S.A., Inc.**

represented by **J. Jerome Miller**
Attorney at Law
319 S. Sharon Amity Rd.
Suite 350
Charlotte, NC 28211
704/ 366-9129
Fax: 704/ 366-2686
Email: jerry@millerlawcharlotte.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*



V.

## Defendant

**Carotrans International, Inc.**
*Carotrans International, Inc.*

represented by **Don Tolbert Evans, Jr.**
Clark, Newton, Evans & Bryan, LLP
509 Princess Street
Wilmington, NC 28401
910-762-8743
Fax: 910-762-6206
Email: dte@clarknewton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seth Peter Buskirk**
Clark, Newton, Evans, and Bryan, LLP
509 Princess St.
Wilmington, NC 28401
910-762-8743
Fax: 910-762-6206
Email: spb@clarknewton.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Carotrans International, Inc.**          represented by  **Don Tolbert Evans, Jr.**
*Carotrans International, Inc.*                             (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Seth Peter Buskirk**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Everlight U.S.A., Inc.**               represented by  **J. Jerome Miller**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/12/2008 | 1 | NOTICE OF REMOVAL (Filing fee $ 350 receipt number 04190000000000470219), filed by Carotrans International, Inc.. (Attachments: # 1 Exhibit Plaintiff's state court complaint)(Evans, Don) (Entered: 02/12/2008) |
| 02/12/2008 |   | Case Assigned to District Judge Martin Karl Reidinger and Magistrate Judge David Keesler. *This is your only notice - you will not receive a separate document.*(klg) (Entered: 02/12/2008) |
| 02/18/2008 | 2 | ANSWER to Complaint *and,* COUNTERCLAIM against Everlight U.S.A., Inc. by Carotrans International, Inc..(Evans, Don) (Entered: 02/18/2008) |
| 02/19/2008 | 3 | Corporate Disclosure Statement by Carotrans International, Inc. (Buskirk, Seth) (Entered: 02/19/2008) |
| 02/21/2008 | 4 | *Answer to Counterclaim* ANSWER to 2 Answer to Complaint, Counterclaim by Everlight U.S.A., Inc..(Miller, J.) (Entered: 02/21/2008) |
| 02/21/2008 | 5 | Corporate Disclosure Statement by Everlight U.S.A., Inc. (Miller, J.) (Entered: 02/21/2008) |
| 02/22/2008 |   | (Court only) ***Staff notes: Call to atty's office regarding dcmts 4 and 5 instructing them to add e-mail address of persons being served in Cert/Svc in dcmt 4 and to add a Cert/Svc to dcmt 5 (cbb) (Entered: 02/22/2008) |
| 02/22/2008 | 6 | CERTIFICATE OF SERVICE by Everlight U.S.A., Inc. re 5 Corporate Disclosure Statement (Miller, J.) (Entered: 02/22/2008) |

| 02/26/2008 | | NOTICE pursuant to Local Rule 16.1 you are **required** to conduct an Initial Attorney's Conference within 14 days of receipt of this Notice. At the conference, the parties are **required** to discuss the issue of consent to jurisdiction of a magistrate judge in accordance with Local Rules 16.1(A) and 73.1(C). The **Certificate of Initial Attorneys Conference** should be filed within 5 days of the conference. If appropriate, a party may file a Motion to Stay the Initial Attorney's Conference. (cbb) (Entered: 02/26/2008) |
|---|---|---|
| 03/03/2008 | 7 | MOTION for Judgment on the Pleadings, MOTION to Dismiss for Lack of Jurisdiction *or to Transfer Venue* by Carotrans International, Inc..Responses due by 3/20/2008. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Enclosure 1 - back of Exhibit **A** to Plaintiff's Complaint)(Evans, Don). Motions referred to David Keesler. (Entered: 03/03/2008) |
| 03/24/2008 | 8 | CERTIFICATION of initial attorney conference and discovery plan by Carotrans International, Inc..(Buskirk, Seth) (Entered: 03/24/2008) |
| 03/24/2008 | 9 | MOTION for Entry of Judgment *(partial)* by Carotrans International, Inc..Responses due by 4/10/2008. (Attachments: # 1 memo in support of motion, # 2 Proposed Order)(Buskirk, Seth) (Entered: 03/24/2008) |
| 03/25/2008 | 10 | STIPULATION of Dismissal by Everlight U.S.A., Inc. (Miller, J.) (Entered: 03/25/2008) |
| 03/25/2008 | | NOTICE of ECF Filing Error re: 9 MOTION for Entry of Judgment *(partial)* filed by Carotrans International, Inc. Certificate of service is incomplete because filer did not include e-mail address. NO ACTION REQUIRED - FOR INFORMATIONAL PURPOSES ONLY. (siw) (Entered: 03/26/2008) |
| 03/25/2008 | | NOTICE of ECF Filing Error re: 10 Stipulation of Dismissal filed by Everlight U.S.A., Inc. Stipulation of Dismissal must be signed by all parties since answer was filed (siw) (Entered: 03/26/2008) |
| 03/28/2008 | 11 | MOTION to Dismiss *Plaintiff's Complaint* by Everlight U.S.A., Inc..Responses due by 4/14/2008. (Attachments: # 1 Proposed Order)(Miller, J.). Motions referred to David Keesler. (Entered: 03/28/2008) |
| 04/14/2008 | 12 | RESPONSE to Motion re 11 MOTION to Dismiss *Plaintiff's Complaint* by Carotrans International, Inc.. Replies due by 4/28/2008. (Attachments: # 1 Supplement Memorandum of law in support of response to Plaintiff motion, # 2 Exhibit Exhibit 1 to Memorandum of law)(Evans, Don) (Entered: 04/14/2008) |
| 04/14/2008 | | NOTICE of ECF Filing Error re: 12 Response to Motion, filed by Carotrans International, Inc. Certificate of service is incomplete because filer must include opposing counsel's e-mail address. Pursuant to Administrative Procedure II.C.2. the signature block should include filer's e-mail address. NO ACTION REQUIRED - FOR INFORMATIONAL PURPOSES ONLY. (siw) (Entered: 04/15/2008) |
| 04/21/2008 | 13 | ORDER denying 7 Motion for Judgment on the Pleadings; denying 7 Motion to Dismiss for Lack of Jurisdiction; denying 9 Motion for Entry of Judgment; |

| | | denying 11 Motion to Dismiss. Case is transferred to the Southern District of New York. Signed by District Judge Martin Reidinger on 4/21/2008. (apb) (Entered: 04/21/2008) |
| --- | --- | --- |
| 05/05/2008 | 14 | Letter from Deputy Clerk to Clerk of Court, Southern District of New York re: Tranfer of Case. (apb) (Entered: 05/05/2008) |

Certified to be a true and
correct copy of the original.
U.S. District Court
Frank G. Johns, Clerk
Western District of N.C.
By: _____
        Deputy Clerk
Date 5/5/08

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: _____

| | | |
|---|---|---|
| EVERLIGHT USA, INC., | ) | |
| | ) | Case No. 07 CVS 25756 |
| Plaintiff, | ) | Mecklenburg County |
| vs. | ) | **NOTICE OF REMOVAL** |
| CAROTRANS INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES Defendant CAROTRANS INTERNATIONAL, INC., under 28 U.S.C. § 1446 and hereby gives this Notice of Removal of the case previously filed in Mecklenburg County, North Carolina as 07-CVS-25756, to United States District Court for the Western District of North Carolina. As grounds therefore, Defendant shows that a federal question has been presented and diversity jurisdiction exists, and that:

1. Upon information and belief, Plaintiff Everlight USA, Inc. (hereinafter "Everlight") is a corporation organized and existing under and by virtue of the laws of the state of North Carolina with its principal place of business in Mecklenburg County, North Carolina.

2. Defendant Carotrans International, Inc. (hereinafter "Carotrans") is a corporation organized and existing under and by virtue of the laws of the state of Delaware with its principal place of business in Wilmington, Delaware.

3. Plaintiff has sued Defendant in North Carolina State Court in Mecklenburg County alleging state law causes of action arising from a contract for the shipment of goods by sea from Port Everglades, Florida to Lima Peru. (Plaintiff's complaint, Para. 5).

4. Plaintiff claims to have been damaged as a result of Defendant's alleged acts of negligence or conversion in an amount in excess of seventy-five thousand dollars. (Plaintiff's Complaint, Par. 12, 18, & 27).

5. Defendant was served with the Complaint on January 14, 2008, and Defendant requests removal within the applicable 30 day time limit from the date of the initial filing.

6. Plaintiff's claims are governed exclusively by federal statute being the "Carriage of Goods by Sea Act" §4(5), Ch. 229, 49 Stat. 1207 (1936), *reprinted in* note following 46 U.S.C. § 30701 *et seq.* previously 46 U.S.C. § 1304(5) subjecting this case to this court's Admiralty and Maritime jurisdiction within the meaning of Rule of 9(h) of the Federal Rules of Civil Procedure.

7. This dispute involves the liability of a defendant non-vessel operating common carrier (NVOCC) subject to the jurisdiction of federal statutes and the general maritime law, which exclusively govern this dispute, in that the dispute concerns a contract to transport goods in maritime commerce.

8. As this dispute is exclusively governed by the federal statutes and the general maritime law, the United States Federal Courts have original jurisdiction over this matter, preserving and without waiving the right to assert the defense that the United States District Court For the Western District of North Carolina lacks personal jurisdiction over Defendant Carotrans International, Inc., and all other defenses.

9.  The case is therefore now subject to removal under 28 § U.S.C. 1441, *et seq.* and other related statutes.

10. Defendant respectfully requests that the case should be removed from the State Court docket and moved to the United States District Court for the Western District of North Carolina Charlotte Division.

Respectfully submitted this, the 12th day of February, 2008.

> CLARK, NEWTON, EVANS & BRYAN, L.L.P.
> *Counsel for Defendant*
> By: /s/
> Don T. Evans, Jr.
> NC Bar No.  19003
> Seth P. Buskirk
> NC Bar. No. 36664
> 509 Princess St.
> Wilmington, North Carolina 28401
> Telephone: (910) 762 -8743
> Facsimile: (910) 762 6206

### CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the foregoing NOTICE OF REMOVAL with the ECF filing system and served it on Plaintiff by posting a copy thereof in the United States Mail, first class and postage prepaid, addressed to:

Jerome Miller
Miller and Miller Attorneys at Law
319 South Sharron Amity Road, Suite 350
Charlotte, NC 28211

This, the 12th day of February, 2008.

/s/ Don T. Evans, Jr.

**LMS Packing Slip**

# Package ID: 900711

| | |
|---|---|
| **Tracking Number:** | 944762915535 |
| **Package Recipient:** | Mr. Erik Berger |
| **Recepient Company:** | Carotrans International, Inc. |
| **Recepient Address:** | 2401 Morris Avenue 2nd Floor West Union NJ 07083 USA |
| **Phone Number:** | 9082061067 254 |

## Package Contents:

| Transmittal Number | Case Number | Title of Action |
|---|---|---|
| 5540507 | 07-CVS-25756 | Everlight USA, Inc. vs. Carotrans International, Inc. |



CORPORATION SERVICE COMPANY®

DXO / ALL
Transmittal Number: 5540507
Date Processed: 01/15/2008

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Mr. Erik S. Berger<br>Carotrans International, Inc.<br>2401 Morris Avenue<br>2nd Floor West<br>Union, NJ 07083 |

| | |
|---|---|
| Entity: | Carotrans International, Inc.<br>Entity ID Number 1900313 |
| Entity Served: | Caro Trans International, Inc. |
| Title of Action: | Everlight USA, Inc. vs. Carotrans International, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Mecklenburg Superior Court, North Carolina |
| Case Number: | 07-CVS-25756 |
| Jurisdiction Served: | Delaware |
| Date Served on CSC: | 01/14/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | J. Jerome Miller<br>704-366-9129 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# MILLER & MILLER

## ATTORNEYS AT LAW

### 319 SOUTH SHARON AMITY ROAD, SUITE 350
### CHARLOTTE, NORTH CAROLINA 28211

J. JEROME MILLER
jerry@millerlawcharlotte.com

W. BRANDON MILLER
brandon@millerlawcharlotte.com

TELEPHONE (704) 366-9129
REAL ESTATE FACSIMILE (704) 366-0817
GENERAL FACSIMILE (704) 366-2086

January 11, 2008

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
CaroTrans International, Inc.
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

RE:     Everlight USA, Inc. vs. CaroTrans International, Inc.
        Mecklenburg County File: 07-CVS-25756

Dear Sir or Madam:

Enclosed you will find a filed original Summons and Complaint against the above referenced corporation. Please forward the papers appropriately.

Sincerely,

MILLER & MILLER

J. Jerome Miller

JJM:kw

Enclosures

| **STATE OF NORTH CAROLINA** | File No. |
|---|---|
| MECKLENBURG County | ▶ 07 CVS 25756 |

|  |  |
|---|---|
| | In The General Court Of Justice |
| | ☐ District ☒ Superior Court Division |

| *Name Of Plaintiff* | |
|---|---|
| EVERLIGHT USA, INC. | **CIVIL SUMMONS** |
| *Address* | |
| c/o Miller & Miller  319 S. Sharon Amity Road, Ste. 350 | ☒ **ALIAS AND PLURIES SUMMONS** |
| *City, State, Zip* | |
| Charlotte, North Carolina 28211 | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | *Date Original Summons Issued* |
| *Name Of Defendant(s)* | 12/28/2007 |
| CAROTRANS INTERNATIONAL, INC. | *Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| CAROTRANS INTERNATIONAL, INC. Attn: Corporation Service Company, Registered Agent 2711 Centerville Road, Suite 400 Wilmington, Delaware 19808 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served.  You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)* | *Date Issued* | *Time* | |
|---|---|---|---|
| J. Jerome Miller Miller & Miller 319 S. Sharon Amity Road, Suite 350 Charlotte, North Carolina 28211 | 1-11-08 | 3:59 | ☐ AM ☐ PM |
| | *Signature* | | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

| ☐ ENDORSEMENT This Summons was originally issued on the date indicated above and returned not served.  At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* | |
|---|---|---|---|
| | | | ☐ AM ☐ PM |
| | *Signature* | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial.  The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts                    *(Over)*

| RETURN OF SERVICE | | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
©2001 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

<u>MECKLENBURG</u> County

File No.
07 CVS 25756

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>EVERLIGHT USA, INC.<br>*Address*<br>c/o Miller & Miller  319 S. Sharon Amity Road, Ste. 350<br>*City, State, Zip*<br>Charlotte, North Carolina 28211 | **CIVIL SUMMONS**<br>☒ **ALIAS AND PLURIES SUMMONS**<br>G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| *Name Of Defendant(s)*<br><br>CAROTRANS INTERNATIONAL, INC. | *Date Original Summons Issued*<br>12/28/2007<br>*Date(s) Subsequent Summons(es) Issued* |

### To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| CAROTRANS INTERNATIONAL, INC.<br>Attn: Corporation Service Company, Registered Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, Delaware 19808 | |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>J. Jerome Miller<br>Miller & Miller<br>319 S. Sharon Amity Road, Suite 350<br>Charlotte, North Carolina 28211 | *Date Issued*<br>11 08 | *Time*<br>3:59 ☐ AM ☐ PM |
|---|---|---|
| | *Signature*<br>☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|---|
| | *Signature*<br>☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

| | | RETURN OF SERVICE | | |
|---|---|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
©2001 Administrative Office of the Courts

STATE OF NORTH CAROLINA               IN THE GENERAL COURT OF JUSTICE

FILED                    SUPERIOR COURT DIVISION

COUNTY OF MECKLENBURG             FILE NO. 07-CVS-25756

2008 JAN 11  PM 3: 59

MECKLENBURG COUNTY, C.S.C.

|  |  |  |
|---|---|---|
| EVERLIGHT USA, INC., a North Carolina corporation | ) | |
| | ) | |
| BY——————— | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED** |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| CAROTRANS INTERNATIONAL, INC., a Delaware corporation. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, complaining of Defendant, alleges and says:

1.     Plaintiff is a corporation organized and existing under the laws of the State of North Carolina and has its principal office and place of business in Pineville, Mecklenburg County, North Carolina and more specifically at 10507 Southern Loop Boulevard, Pineville, North Carolina.

2.     Defendant is a corporation organized and existing under the laws of the State of Delaware, has its principal office and place of business in Wilmington, New Castle County, Delaware.

## STATEMENT OF FACTS

3.     Plaintiff is a manufacturer and marketer of high quality textile dyes.

4.     Defendant is a non-vessel operating common carrier (NVOCC) and, at all times pertinent hereto, was acting as an agent for Plaintiff.

5.     That on or about September 3, 2005, Plaintiff and Defendant entered into a contract of carriage for the transportation of textile dyes from Port Everglades, Florida to Lima, Peru.

6.     That such contract of carriage consisted of six (6) ocean Bills of Lading, identified as Bill of Lading Nos. CSCCLL0533002, CSCCLL0533005, CSCCLL0533004, CSCCLL0533003, CLTCLL0533001, CSCCLL0534001, copies of which are attached hereto as Exhibit A.

7.     That the Defendant contracted with CSAV Agency, LLC (hereinafter "CSAV"), a container ship operator, to transport the goods from Port Everglades, Florida to Lima, Peru.

8.    That on or about September 29, 2005, Peruvian Customs confiscated the cargo owned by the Plaintiff, along with the cargo of other shippers in container number TCKU9872216, arriving in Callao, Peru, ex-ship Punta Arenas.

9.    The confiscation by Peruvian Customs resulted from the negligence of the Defendant in mistakenly identifying the shipping agent's name, weight, number of packages, and goods descriptions regarding such container.

10.    Despite appeals from Defendant's and CSAV's agents, the Tax Court of Peru issued a final ruling on March 23, 2007 affirming the confiscation of the cargo referred to herein.  See Exhibit B (certified translation).

11.    That the negligence of the Defendant was the proximate cause of the loss sustained by the Plaintiff.

12.    That the Plaintiff has sustained a loss, including cargo and transportation charges, in the amount of One Hundred Five Thousand Five Hundred Sixty Eight and 20/100 Dollars ($105,568.20).

## COUNT I
## (Negligence)

13.    The allegations contained in Paragraphs 1 through 12 above are hereby realleged and incorporated herein by reference.

14.    That the Defendant failed to use reasonable care in the preparation of documents, including bills of lading, freight manifests, and other documents which it knew, or reasonably should have known, would have been relied upon by Peruvian Customs officials.

15.    The Defendant owed a duty to Plaintiff to prepare the documents in a skillful manner.

16.    That the confiscation of the shipment was proximately caused by the negligent conduct of the Defendant.

17.    That the Defendant should have reasonably foreseen its negligence in the preparation of the aforesaid documents would result in the confiscation of the shipment.

18.    That the Plaintiff has been damaged in amount of One Hundred Five Thousand Five Hundred Sixty Eight and 20/100 Dollars ($105,568.20).

## COUNT II
## (Conversion)

19.    The allegations contained in Paragraphs 1 through 17 above are hereby realleged and incorporated herein by reference.

20.    That on or about September 3, 2005, Plaintiff and Defendant entered into a contract of carriage in which the Defendant agreed to ship to Lima, Peru, certain textile dyes belonging to the Plaintiff.

21.    Plaintiff, as bailor, delivered to Defendant, as bailee, such goods.

22.    That Defendant had a duty to deliver such goods as instructed.

23.    That demand has been made by Plaintiff to Defendant to deliver such goods, and Defendant has refused.

24.    That the Defendant has unlawfully converted to its own use, Plaintiff's goods.

25.    That Defendant has exercised dominion and control over Plaintiff's goods and intends to permanently deprive Plaintiff of its use and possession of such goods.

26.    That the fair market value of such goods at the time of conversion was One Hundred Five Thousand Five Hundred Sixty Eight and 20/100 Dollars ($105,568.20).

27.    That the Defendant owes to the Plaintiff the sum of One Hundred Five Thousand Five Hundred Sixty Eight and 20/100 Dollars ($105,568.20) due to the unlawful conversion of the Plaintiff's goods.

**WHEREFORE**, Plaintiff prays the Court for the following relief:

1.    That the Defendant pay to the Plaintiff the sum of One Hundred Five Thousand Five Hundred Sixty Eight and 20/100 Dollars ($105,568.20) by reason of the negligent conduct of the Defendant, in accordance with Count I of Plaintiff's Complaint.

2.    In the alternative, that the Defendant pay to the Plaintiff the sum of One Hundred Five Thousand Five Hundred Sixty Eight and 20/100 Dollars ($105,568.20) for the unlawful conversion of the Plaintiff's goods, in accordance with Count II of Plaintiff's Complaint.

3.    That the Defendant be taxed with the costs of this action.

4.    That the Defendant pay Plaintiff's reasonable attorney's fees.

5.    For such other and further relief as this Court may deem just and proper.

This the 11th day of January, 2008.

        MILLER & MILLER
        Attorneys for Plaintiff
        319 S. Sharon Amity Road, Suite 350
        Charlotte, NC 28211
        Telephone No.: (704) 366-9129

        By: _____
           JEROME MILLER
           State Bar #6767

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

<u>VERIFICATION</u>

SCOTT CHEN, being first duly sworn, deposes and says that he is President of EVERLIGHT U.S.A., INC., the Plaintiff in this action, and that as such he has the authority to make this Complaint; that he has read the foregoing Complaint and knows the contents thereof and that same is true of his own knowledge except as to those matters and things stated upon information and belief, and as to those matters and things, he believes them to be true.

EVERLIGHT U.S.A., INC.

By: _____

Scott Chen, President

Sworn to and subscribed before me
this _28_ day of December, 2007.

_____
Notary Public

My commission expires:

KATHARINE WALKER
NOTARY PUBLIC
UNION COUNTY, N. C.
My Commission Expires April 18, 2009



REMIT TO: CAROTRANS INTERNATIONAL, INC.
2401 MORRIS AVE., 2ND FL WEST
Union, NJ 07083

PHONE:  (908) 206-1067    Page  1 of 1
FAX:    (908) 206-1063

# BILL OF LADING

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | | BOOKING NO. | | BILL OF LADING NO. |
|---|---|---|---|---|
| EVERLIGHT USA, INC. | 0300676 | CSCCLL0533002 | MIA | CSCCLL0533002 |
| 10507 SOUTHERN LOOP BLVD | | | | |

EXPORT REFERENCES
CUST REF #:
EV-2197

PLAINTIFF'S EXHIBIT A

PINEVILLE, NC  28134
Phone:  704-588-1004    Fax:  704-588-0051

| CONSIGNEE NAME/ADDRESS(NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER) | FORWARDING AGENT, F M C NO. | |
|---|---|---|
| INTERNATIONAL SUPPLIER GROUP LIMITED | RODI CARGO INT'L | 1101228 |
| 520 S. 7TH STREET, SUITE C | 11701 NW 102 ROAD    SUITE 22 | |
| LAS VEGAS, NV 89101 | MIAMI, FL  33178 | ** |
| USA | Phone:  305-863-9005    Fax:  305-863-9026 | |

POINT AND COUNTRY OF ORIGIN OF GOODS

| NOTIFY PARTY(COMPLETE NAME AND ADDRESS) | FOR DELIVERY PLEASE APPLY TO: | |
|---|---|---|
| TEXTIL OCEANO SAC | INCA LINES S A | 0202964 |
| AV. MAQUINARIAS 2647 | AV ARGENTINA 2833 | |
| LIMA 01, PERU | | |
| TEL: 511-561-0192 | | |
| | CALLAO PERU. | |
| | Phone:  011 51 1 453-7133    Fax:  011 51 1 429-4887 | |

| PRE-CARRIAGE BY: | PLACE OF RECEIPT BY PRE-CARRIER | CONTAINER | FILE # | SEAL NUMBER |
|---|---|---|---|---|
| | CHARLESTON | TCKU9872216 | 9424 | KYL111990 |
| VESSEL | PORT OF LOADING | LOADING PIER/TERMINAL | | |
| CCNI PUNTA ARENAS/0503 | PORT EVERGLADES | | | |
| PORT OF DISCHARGE | PLACE OF DELIVERY BY ON CARRIER | NUMBER OF ORIGINALS | | |
| CALLAO | | Three (3) | | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS & NOS/CONTAINER NOS. | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| DR# 30889 | 8 | PALLETS STC (189) PIECES OF NON-HAZARDOUS TEXTILE DYESTUFF ****FREIGHT PREPAID**** | 12,485.00  LB | 534.000  CF |

### ORIGINAL

These commodities, technology, or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to U.S. law prohibited.

| Total Number of Packages | 8 | | 12,485.00  LB | 534.000  CF |
|---|---|---|---|---|
| | | | 5,663.20  KG | 15.121  CM |

The declared value of the GOODS is $
If the MERCHANT enters the actual value of the GOODS and pays the applicable ad valorem rate, the CARRIER'S PACKAGE limitation will not apply.(See Cl.21 on the next page)

NDR-AES XTN:  NDR FTSR 30.55H-VALUE UNDER $2500

| CHARGES,INCLUDING FREIGHT | BASIS | RATE | PREPAID | COLLECT |
|---|---|---|---|---|
| | | | | |

RECEIVED FOR SHIPMENT from the MERCHANT in apparent good order and condition unless otherwise state herein,the GOODS mentioned above to be transported as provided herein, by any mode of transport for all or any part of the Cartage.  SUBJECT TO ALL THE TERMS AND CONDITIONS appearing on the face and back of the Carrier's regular form of Bill of Lading and applicable tariff(s) which are incorporated herein by reference.
Where applicable law requires and not otherwise, one original BILL OF LADING must be surrendered, duly endorsed, in exchange for the GOODS or CONTAINER(S) or other PACKAGE(S), the others stand void.
If a 'Non-Negotiable' BILL OF LADING is issued, neither an original nor a copy need be surrendered in exchange for delivery unless applicable law so states.

| | TOTAL | | TOTAL | |
|---|---|---|---|---|

CaroTrans International, Inc.
As Carrier
By:

Receipt for
Shipment Date:  9/03/2005

Sail Date:  9/03/2005



REMIT TO: CAROTRANS INTERNATIONAL, INC.
2401 MORRIS AVE., 2ND FL WEST
Union, NJ 07083

PHONE: (908) 206-1067    Page 1 of 1
FAX:    (908) 206-1063

# BILL OF LADING

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | | BOOKING NO. | | BILL OF LADING NO. |
|---|---|---|---|---|
| EVERLIGHT USA, INC.    0300676 | | CSCCLL0533005    MIA | | CSCCLL0533005 |

SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS)
EVERLIGHT USA, INC.                    0300676
10507 SOUTHERN LOOP BLVD

PINEVILLE, NC  28134
Phone: 704-588-1004    Fax:  704-588-0051

BOOKING NO.
CSCCLL0533005    MIA

BILL OF LADING NO.
CSCCLL0533005

EXPORT REFERENCES
CUST REF #:
EV-2200

CONSIGNEE NAME/ADDRESS(NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER)
PERU FASHIONS S.A.C.
AV. PRECURSORES 256, CHACARILLA
LIMA 33, PERU
TEL: 511-440-4547

FORWARDING AGENT, F M C NO.
RODI CARGO INT'L                    1101228
11701 NW 102 ROAD    SUITE 22
MIAMI, FL  33178                    **
Phone: 305-863-9005    Fax:  305-863-9026

POINT AND COUNTRY OF ORIGIN OF GOODS

NOTIFY PARTY(COMPLETE NAME AND ADDRESS)
SAME AS ABOVE

FOR DELIVERY PLEASE APPLY TO:
INCA LINES S A                    0202964
AV ARGENTINA 2833

CALLAO  PERU,
Phone: 011 51 1 453-7133    Fax:    011 51 1 429-4887

| PRE-CARRIAGE BY: | PLACE OF RECEIPT BY PRE-CARRIER CHARLESTON | CONTAINER TCKU9872216 | FILE # 9424 | SEAL NUMBER KYL111990 |
|---|---|---|---|---|
| VESSEL CCNI PUNTA ARENAS/0503 | PORT OF LOADING PORT EVERGLADES | LOADING PIER/TERMINAL | | |
| PORT OF DISCHARGE CALLAO | PLACE OF DELIVERY BY ON CARRIER CALLAO | NUMBER OF ORIGINALS Three (3) | | |

PARTICULARS FURNISHED BY SHIPPER

| MARKS & NOS/CONTAINER NOS. | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| DR# 30892 | 1 | PALLETS STC (26) PIECES OF NON HAZ TEXTILE DYESTUFF  ****FREIGHT PREPAID**** | 1,658.00 LB | 88.000 CF |

## ORIGINAL

These commodities, technology, or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to U.S. law prohibited.

| Total Number of Packages | 1 | | 1,658.00 LB 752.07 KG | 88.000 CF 2.492 CM |

The declared value of the GOODS is $
If the MERCHANT enters the actual value of the GOODS and pays the applicable ad valorem rate, the CARRIER'S PACKAGE limitation will not apply.(See Cl.21 on the next page)

NDR-AES XTN:  NDR FTSR 30.55H-VALUE UNDER $2500

| CHARGES, INCLUDING FREIGHT | BASIS | RATE | PREPAID | COLLECT |
|---|---|---|---|---|
| | | | | |
| | | | TOTAL | TOTAL |

RECEIVED FOR SHIPMENT from the MERCHANT in apparent good order and condition unless otherwise state herein, the GOODS mentioned above to be transported as provided herein, by any mode of transport for all or any part of the Cartage.  SUBJECT TO ALL THE TERMS AND CONDITIONS appearing on the face and back of the Carrier's regular form of Bill of Lading and applicable tariff(s) which are incorporated herein by reference.
Where applicable law requires and not otherwise, one original BILL OF LADING must be surrended, duly endorsed, in exchange for the GOODS or CONTAINER(S) or other PACKAGE(S), the others stand void. If a 'Non-Negotiable' BILL OF LADING' is issued, neither an original nor a copy need be surrended in

CaroTrans International, Inc.
As Carrier

By:

Receipt for
Shipment Date:    9/03/2005

Sail Date:    9/03/2005

**CaroTrans** ®
INTERNATIONAL, INC.

REMIT TO: CAROTRANS INTERNATIONAL, INC.
2401 MORRIS AVE., 2ND FL WEST
Union, NJ 07083

PHONE: (908) 206-1067
FAX: (908) 206-1063

Page 1 of 1

# BILL OF LADING

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | | BOOKING NO. | | BILL OF LADING NO. |
|---|---|---|---|---|
| EVERLIGHT USA, INC. | 0300676 | CSCCLL0533004 | MIA | CSCCLL0533004 |
| 10507 SOUTHERN LOOP BLVD | | EXPORT REFERENCES | | |
| | | CUST REF #: | | |
| | | EV-2199 | | |

PINEVILLE, NC  28134
Phone:  704-588-1004      Fax:   704-588-0051

| CONSIGNEE NAME/ADDRESS(NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER) | FORWARDING AGENT, F M C NO. | |
|---|---|---|
| CHORILLOS COLOR, S.A. | RODI CARGO INT'L | 1101228 |
| ALAMEDA LOS PINOS 517, URB VILLA MARINA | 11701 NW 102 ROAD    SUITE 22 | |
| LIMA, 09, PERU | MIAMI, FL  33178 | ** |
| TEL: 511-440-4547 | Phone:  305-863-9005      Fax:   305-863-9026 | |
| | POINT AND COUNTRY OF ORIGIN OF GOODS | |

| NOTIFY PARTY(COMPLETE NAME AND ADDRESS) | FOR DELIVERY PLEASE APPLY TO: | |
|---|---|---|
| SAME AS ABOVE | INCA LINES S A | 0202964 |
| | AV ARGENTINA 2833 | |
| | CALLAO PERU, | |
| | Phone: 011 51 1 453-7133    Fax:   011 51 1 429-4887 | |

| PRE-CARRIAGE BY: | PLACE OF RECEIPT BY PRE-CARRIER | CONTAINER | FILE # | SEAL NUMBER |
|---|---|---|---|---|
| | CHARLOTTE | TCKU9872216 | 9424 | KYL111990 |
| VESSEL | PORT OF LOADING | LOADING PIER/TERMINAL | | |
| CCNI PUNTA ARENAS/0503 | PORT EVERGLADES | | | |
| PORT OF DISCHARGE | PLACE OF DELIVERY BY ON CARRIER | NUMBER OF ORIGINALS | | |
| CALLAO | CALLAO | Three (3) | | |

PARTICULARS FURNISHED BY SHIPPER

| MARKS & NOS/CONTAINER NOS. | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| DR# 30891 | 4 | PALLETS STC (87) PIECES OF | 5,655.00 LB | 247.000 CF |
| | | NON-HAZARDOUS TEXTILE DYESTUFF | | |
| | | ****FREIGHT PREPAID**** | | |
| | | | | |
| | | **ORIGINAL** | | |
| | | These commodities, technology, or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to U.S. law prohibited. | | |
| Total Number of Packages | 4 | | 5,655.00 LB<br>2,565.11 KG | 247.000 CF<br>6.994 CM |

NDR-AES XTN: .NDR FTSR 30.55H-VALUE UNDER $2500

The declared value of the GOODS is $
-If the MERCHANT enters the actual value of the GOODS and pays the applicable ad valorem rate, the CARRIER'S PACKAGE limitation will not apply.(See CL21 on the next page)

| CHARGES,INCLUDING FREIGHT | BASIS | RATE | PREPAID | COLLECT |
|---|---|---|---|---|
| | | | | |
| | | | TOTAL | TOTAL |

RECEIVED FOR SHIPMENT from the MERCHANT in apparent good order and condition unless otherwise state herein,the GOODS mentioned above to be transported as provided herein, by any mode of transport for all or any part of the Cartage. SUBJECT TO ALL THE TERMS AND CONDITIONS appearing on the face and back of the Carrier's regular form of Bill of Lading and applicable tariff(s) which are incorporated herein by reference.
Where applicable law requires and not otherwise, one original BILL OF LADING must be surrendered, duly endorsed, in exchange for the GOODS or CONTAINER(S) or other PACKAGE(S), the others stand void. If a "Non-Negotiable" BILL OF LADING is issued, neither an original nor a copy need be surrendered in

CaroTrans International, Inc.
As Carrier

By:

Receipt for
Shipment Date:  9/03/2005

Sail Date:  9/03/2005



REMIT TO: CAROTRANS INTERNATIONAL, INC.
2401 MORRIS AVE., 2ND FL WEST
Union, NJ 07083

PHONE: (908) 206-1067   Page 1 of 1
FAX:    (908) 206-1063

# BILL OF LADING

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | | BOOKING NO. | | BILL OF LADING NO. |
|---|---|---|---|---|
| EVERLIGHT USA, INC. 10507 SOUTHERN LOOP BLVD  PINEVILLE, NC  28134 Phone: 704-588-1004    Fax:  704-588-0051 | 0300676 | CSCCLL0533003       MIA | | CSCCLL0533003 |

EXPORT REFERENCES
   CUST REF #:
EV-2198

| CONSIGNEE NAME/ADDRESS(NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER) | FORWARDING AGENT, F M C NO. |
|---|---|
| SOCIEDAD QUIMICA MERCANTIL S.A. AV, LAS CAMELIAS 820 OFIC. 0302 LIMA 27, PERU TEL: 511-440-4547 | RODI CARGO INT'L                  1101228 11701 NW 102 ROAD    SUITE 22 MIAMI, FL  33178                       ** Phone:  305-863-9005    Fax:   305-863-9026 |

POINT AND COUNTRY OF ORIGIN OF GOODS

| NOTIFY PARTY(COMPLETE NAME AND ADDRESS) | FOR DELIVERY PLEASE APPLY TO: |
|---|---|
| SAME AS ABOVE | INCA LINES S A                   0202964 AV ARGENTINA 2833  CALLAO  PERU, Phone:  011 51 1 453-7133 · Fax:   011 51 1 429-4887 |

| PRE-CARRIAGE BY: | PLACE OF RECEIPT BY PRE-CARRIER CHARLOTTE | CONTAINER      FILE #    SEAL NUMBER TCKU9872216    9424    KYL111990 |
|---|---|---|
| VESSEL CCNI PUNTA ARENAS/0503 | PORT OF LOADING PORT EVERGLADES | LOADING PIER/TERMINAL |
| PORT OF DISCHARGE CALLAO | PLACE OF DELIVERY BY ON CARRIER CALLAO | NUMBER OF ORIGINALS Three (3) |

| PARTICULARS FURNISHED BY SHIPPER | | | | |
|---|---|---|---|---|
| MARKS & NOS/CONTAINER NOS. | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
| DR# 30890 | 3 | PALLETS SEC( 56) PIECES OF NON-HAZARDOUS TEXTILE DYESTUFF  ****FREIGHT PREPAID**** | 3,644.00  LB | 180.000  CF |

**ORIGINAL**

These commodities, technology, or software were exported from the United States
in accordance with the export administration regulations.
Diversion contrary to U.S. law prohibited.

| Total Number of Packages | 3 | | 3,644.00  LB 1,652.92  KG | 180.000  CF 5.097  CM |
|---|---|---|---|---|

The declared value of the GOODS is $
If the MERCHANT enters the actual value of the GOODS and pays the applicable ad valorem rate, the CARRIER'S PACKAGE limitation will not apply.(See  C1.21 on the next page)

NDR-AES XTN:   NDR FTSR 30.55H-VALUE UNDER $2500

| CHARGES,INCLUDING FREIGHT | BASIS | RATE | PREPAID | COLLECT |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

RECEIVED FOR SHIPMENT from the MERCHANT in apparent good order and condition unless otherwise state herein,the GOODS mentioned above to be transported as provided herein, by any mode of transport for all or any part of the Cartage.  SUBJECT TO ALL THE TERMS AND CONDITIONS appearing on the face and back of the Carrier's regular form of Bill of Lading and applicable tariff(s) which are incorporated herein by reference. Where applicable law requires and not otherwise, one original BILL OF LADING must be surrendered, duly endorsed, in exchange for the GOODS or CONTAINER(S) or other PACKAGE(S), the others stand void. If a 'Non-Negotiable' BILL OF LADING is issued, neither an original nor a copy need be surrendered in exchange for delivery unless applicable law so states

| | TOTAL | TOTAL |
|---|---|---|
| | | |

CaroTrans International, Inc.
As Carrier

By: _____

Receipt for
Shipment Date:   9/03/2005

Sail Date:   9/03/2005



REMIT TO: CAROTRANS INTERNATIONAL, INC.
2401 MORRIS AVE., 2ND FL WEST
Union, NJ 07083

PHONE: (908) 206-1067   Page 1 of 1
FAX:   (908) 206-1063

# BILL OF LADING

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | BOOKING NO. | BILL OF LADING NO. |
|---|---|---|
| EVERLIGHT USA, INC.   0300676 | CLTCLL0533001   MIA | CLTCLL0533001 |
| 10507 SOUTHERN LOOP BLVD | EXPORT REFERENCES | |
| | CUST REF #: | |
| | EV-2196 | |
| PINEVILLE, NC  28134 | | |
| Phone: 704-588-1004   Fax:   704-588-0051 | | |

| CONSIGNEE NAME/ADDRESS(NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER) | FORWARDING AGENT, F M C NO. | |
|---|---|---|
| BAHIA TRADING SA | RODI CARGO INT'L | 1101228 |
| AV. LOS CISNES, NZ.E2, LOTE 18 | 11701 NW 102 ROAD   SUITE 22 | |
| HUACHIPA | MIAMI, FL  33178 | ** |
| LIMA 36, PERU | Phone:  305-863-9005   Fax:   305-863-9026 | |
| | POINT AND COUNTRY OF ORIGIN OF GOODS | |

| NOTIFY PARTY(COMPLETE NAME AND ADDRESS) | FOR DELIVERY PLEASE APPLY TO: | |
|---|---|---|
| SAME AS ABOVE | INCA LINES S A | 0202964 |
| | AV ARGENTINA 2833 | |
| | CALLAO PERU, | |
| | Phone: 011 51 1 453-7133   Fax:   011 51 1 429-4887 | |

| PRE-CARRIAGE BY: | PLACE OF RECEIPT BY PRE-CARRIER | CONTAINER     FILE #     SEAL NUMBER |
|---|---|---|
| | CHARLOTTE | TCKU9872216   9424   KYL111990 |
| VESSEL | PORT OF LOADING | LOADING PIER/TERMINAL |
| CCNI PUNTA ARENAS/0503 | PORT EVERLGADES | |
| PORT OF DISCHARGE | PLACE OF DELIVERY BY ON CARRIER | NUMBER OF ORIGINALS |
| CALLAO | | Three (3) |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS & NOS/CONTAINER NOS. | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| DR# 30893 | 2 | PALLETS STC (45) PIECES OF NON-HAZARDOUS TEXTILE DYESTUFF  ****FREIGHT PREPAID**** | 3,153.00 LB | 134.000 CF |

**ORIGINAL**

| Total Number of Packages | 2 | These commodities, technology, or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to U.S. law prohibited. | 3,153.00 LB 1,430.20 KG | 134.000 CF 3.794 CM |
|---|---|---|---|---|

The declared value of the GOODS is $ _____   NDR-AES XTN: NDR FTSR 30.55H-VALUE UNDER $2500
If the MERCHANT enters the actual value of the GOODS and pays the applicable ad valorem rate, the CARRIER'S PACKAGE limitation will not apply.(See Cl.21 on the next page)

| CHARGES,INCLUDING FREIGHT | BASIS | RATE | PREPAID | COLLECT |
|---|---|---|---|---|
| | | | | |

| | | | TOTAL | TOTAL |
|---|---|---|---|---|

RECEIVED FOR SHIPMENT from the MERCHANT in apparent good order and condition unless otherwise state herein,the GOODS mentioned above to be transported as provided herein, by any mode of transport for all or any part of the Cartage.  SUBJECT TO ALL THE TERMS AND CONDITIONS appearing on the face and back of the Carrier's regular form of Bill of Lading and applicable tariff(s) which are incorporated herein by reference.
Where applicable law requires and not otherwise, one original BILL OF LADING must be surrended, duly endorsed, in exchange for the GOODS or CONTAINER(S) or other PACKAGE(S), the others stand void.
If a 'Non-Negotiable' BILL OF LADING' is issued, neither an original nor a copy need be surrended in exchange for delivery unless applicable law so states.

CaroTrans International, Inc.
As Carrier.

By: _____

Receipt for
Shipment Date:   9/03/2005

Sail Date:   9/03/2005



REMIT TO: CAROTRANS INTERNATIONAL, INC.
2401 MORRIS AVE., 2ND FL WEST
Union, NJ 07083

PHONE: (908) 206-1067    Page 1 of 1
FAX:   (908) 206-1063

# BILL OF LADING

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | | BOOKING NO. | | BILL OF LADING NO. |
|---|---|---|---|---|
| EVERLIGHT USA, INC. | 0300676 | CSCCLL0534001 | MIA | CSCCLL0534001 |
| 10507 SOUTHERN LOOP BLVD | | EXPORT REFERENCES | | |
| | | CUST REF #: | | |
| | | EV-2201 | | |

PINEVILLE, NC  28134
Phone: 704-588-1004     Fax:   704-588-0051

| CONSIGNEE NAME/ADDRESS(NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER) | FORWARDING AGENT, F M C NO. | |
|---|---|---|
| TEJIDOS Y TENIDOS SAN CARLOS S.R.L | RODI CARGO INT'L | 1101228 |
| CAJAMARQUILLA 659, ZARATE | 11701 NW 102 ROAD   SUITE 22 | |
| LIMA 36, PERU | MIAMI, FL  33178 | ** |
| TEL: 511-440-4547 | Phone: 305-863-9005   Fax:  305-863-9026 | |
| | POINT AND COUNTRY OF ORIGIN OF GOODS | |

| NOTIFY PARTY(COMPLETE NAME AND ADDRESS) | FOR DELIVERY PLEASE APPLY TO: | |
|---|---|---|
| SAME AS ABOVE | INCA LINES S A | 0202964 |
| | AV ARGENTINA 2833 | |
| | | |
| | CALLAO PERU, | |
| | Phone: 011 51 1 453-7133   Fax:   011 51 1 429-4887 | |

| PRE-CARRIAGE BY: | PLACE OF RECEIPT BY PRE-CARRIER | CONTAINER | FILE # | SEAL NUMBER |
|---|---|---|---|---|
| | CHARLESTON | TCKU9872216 | 9424 | KYL111990 |
| VESSEL | PORT OF LOADING | LOADING PIER/TERMINAL | | |
| CCNI PUNTA ARENAS/0503 | PORT EVERGLADES | | | |
| PORT OF DISCHARGE | PLACE OF DELIVERY BY ON CARRIER | NUMBER OF ORIGINALS | | |
| CALLAO | CALLAO | Three (3) | | |

PARTICULARS FURNISHED BY SHIPPER

| MARKS & NOS/CONTAINER NOS. | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| DR# 31101 | 2 | PALLETS STC (28) PIECES OF | 1,753.00 LB | 117.000 CF |
| | | NIN-HAZARDOUS TEXTILE DYESTUFF | | |
| | | ****FREIGHT PREPAID**** | | |

**ORIGINAL**

| Total Number of Packages | 2 | These commodities, technology, or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to U.S. law prohibited. | 1,753.00 LB | 117.000 CF |
|---|---|---|---|---|
| | | | 795.16 KG | 3.313 CM |

The declared value of the GOODS is $
If the MERCHANT enters the actual value of the GOODS and pays the applicable ad valorem rate, the CARRIER'S PACKAGE limitation will not apply.(See CL.21 on the next page)

NDR-AES XTN:  NDR FTSR 30.55H-VALUE UNDER $2500

| CHARGES,INCLUDING FREIGHT | BASIS | RATE | PREPAID | COLLECT |
|---|---|---|---|---|
| | | | | |

RECEIVED FOR SHIPMENT from the MERCHANT in apparent good order and condition unless otherwise state herein, the GOODS mentioned above to be transported as provided herein, by any mode of transport for all or any part of the Cartage. SUBJECT TO ALL THE TERMS AND CONDITIONS appearing on the face and back of the Carrier's regular form of Bill of Lading and applicable tariff(s) which are incorporated herein by reference.
Where applicable law requires and not otherwise, one original BILL OF LADING must be surrendered, duly endorsed, in exchange for the GOODS or CONTAINER(S) or other PACKAGE(S), the others stand void.
If a 'Non-Negotiable' BILL OF LADING is issued, neither an original nor a copy need be surrendered in

| | TOTAL | | TOTAL | |
|---|---|---|---|---|
| | | | | |

CaroTrans International, Inc.     Receipt for
As Carrier                        Shipment Date:   9/03/2005

By:                               Sail Date:       9/03/2005



*MAIRA SAWAYA HARB*
*Traductora Pública Juramentada*
*CTP 0149 - JVT 54*

## CERTIFIED TRANSLATION

(Peruvian Coat of Arms)

Tax Court

No. 02781-A-2007

DOCKET No.          2006007710
INTERESTED PARTY    INCA LINES S.A.
                    AGENCIAS UNIVERSALES PERU S.A.
SUBJECT             Appeal
ORIGIN              Callao Intendancy for Maritime Customs
DATE                Lima, March 23rd, 2007

AS PER the appeal filed by INCA LINES S.A., represented by AGENCIAS UNIVERSALES PERU S.A., against Director's Resolution No. 118 3D1000/2006-000178, issued on May 24th, 2006, by Callao Intendancy for Maritime Customs, and which declared groundless the claim against Article 3 of Department Head's Resolution No. 118 3D1200/2005-000774, dated November 22nd, 2005, enforcing an administrative confiscation sanction on the merchandise listed in the Immobilization-Seizure-Confiscation Record No. 118-2005-0300, No. 000037, dated September 29th, 2005, for having incurred in an alleged violation of paragraph a), article 108 of the General Customs Law, which Single Revised Text has been approved through Executive Decree No. 129-2004-EF.

WHEREAS:

The appellant claims the following:

1.  On September 16th, 2005, supported by the shippers and freight consolidation company's letters, requested the amendment of Cargo Manifest No. 2005-2135 regarding Bill of Lading No. PCA697109 for the shipping agent name, weight, number of packages and goods description.

2.  It shall be taken into account that the goods immobilized by Customs match the goods described in house bills of lading, the packing list of each in house bill of lading (submitted by each importer), and the corresponding commercial invoices attached to its application for amendment and based on which a table was prepared and enclosed herein. Likewise, it refers to the statements made by house bills of lading issuers, the descriptions of which also match those that appear in the Immobilization Record and which translations are submitted, the proceedings being in the appeal stage.

3.  Therefore, as the goods subject-matter herein have the relevant customs documentation, objectively no assumed violation has been incurred regarding section 2, paragraph b), article 108, of the General Customs Law, which Single Revised Text has been approved through Executive Decree No. 129-2004-EF.

4.  Additionally, it expresses that Customs' interpretation of the regulation permitting the amendment of the manifest is absurd, as it implies derogating Article 43 of said law's Regulations. Furthermore, this Court did not consider the goods as declared because no commercial

MAIRA SAWAYA H     RB
CERTIFIED TRANSLATOR
Member of the Peruvian Translators
Association   License CTP 0149

*Estados Unidos # 982 - Lima 11 - PERU*
*Teléfonos: (511-1) 463-2368 / 261-8793 / 9965-9717 - Fax 461-7110*
*e-mail: msawaya@terra.com.pe*

correlative invoice table, packing list and immobilized goods list were prepared.

As a result:

The background for the appealed resolution is Tax Court Resolution No. 01624-A-2006, dated March 28th, 2006, confirming the Customs resolution that declares as inadmissible the application for manifest amendment filed by the appellant, as all the information contained in the master bill of lading No. PCA697109 differs from the one in the house bills of lading and commercial invoices submitted by the appellant. Furthermore, it stresses that there is no coincidence between the goods listed in such house bills of lading and the goods described in the immobilization record prepared by Customs. The same also occurs in the submitted packing lists. In this regard, grounds of the appeal filed with the purpose of repeating the examination of goods and issuing a decision on the application for amendment which was refused by this Court, are considered inadmissible.

Such Tax Court Resolution further nullifies the appeal concession issued by the Customs regarding the administrative confiscation of immobilized goods, as, being this sanction recently imposed through the appealed resolution, the challenging arguments presented against the application of said sanction, were considered as claim and, therefore, it was Customs' responsibility to issue a decision.

In this connection, the Customs issued Director's Resolution No. 118 3D1000/2006-000475 declaring the filed claim as groundless and thereby confirming the administrative confiscation referred by Article 2 of Department Head's Resolution No. 118 3D1200/2005-000774, dated November 22nd, 2005, because the freight documents presented by the appellant fail to list the immobilized goods (printed Freight Manifest and SIGAD registry). Likewise, it states that in accordance with the criteria expressed in the INTA-PG.09 General Procedure of Freight Manifest (paragraphs a and b of section 18, chapter 6), the goods subject-matter to the Immobilization-Seizure-Confiscation Record are not listed in documents that the shipping agent or its representative are obliged to submit upon arrival of the means of transport.

An analysis must then be carried out in order to verify if the administrative confiscation sanction imposed by the Customs is pursuant to the law. This verification certifies if the goods listed in the Immobilization-Seizure-Confiscation Record No. 118-2005-0300 No. 000037, dated September 29th, 2005, have the status of non-declared goods.

The forwarding agent's legal obligation of listing all the goods in the Freight Manifest is set forth in article 34 of the General Customs Law, which Single Revised Text was approved through Executive Decree No. 129-2004-EF, stating: *"The forwarding agent or its representative in the country shall submit the freight manifest information through magnetic means or wire transmissions, in the manner and term set forth in the Regulations. ... Likewise, it shall submit to the customs authority the freight manifest and other documents in a manner and term set forth in the Regulations, being responsible for declaring all the goods that comprise the cargo carried by the chosen means of transportation."*

MAIRA SAWAYA _____ RB
CERTIFIED TRANSLATOR
Member of the Peruvian Translators
Association - License CTP 0149

Failure to comply with the above obligation constitutes a violation in accordance with paragraph d), article 108, of the same regulation, which states that the administrative confiscation sanction must be applied to goods that "Are not included in the freight manifests or documents that must be presented compulsorily by forwarding agents or their representatives and international shipping agents, or when the customs authority verifies a difference between the goods contained in the packages and the description listed in the freight manifests".

Through Tax Court Resolution No. 01624-A-2006, dated March 28th, 2006, the Customs' resolution declaring as inadmissible the manifest amendment request presented by the appellant is confirmed. The appellant requested the inclusion in Freight Manifest No. 2005-2135, of the goods listed in the Immobilization Seizure-Confiscation Record No. 118-2005-0300 No. 000037, instead of goods appearing in the Bill of Lading No. PCA697109 presented upon unloading and registered in the Customs Management Integrated System.

Moreover, neither Freight Manifest No. 2005-2135 received by the Customs nor any other shipping document mentioned in such Freight Manifest match the goods subject-matter of the confiscation.

In consequence, as it is not admissible to modify the Freight Manifest regarding goods listed in the Bill of Lading No. PCA697109, as these do not appear in the Freight Manifest or any other Manifest transportation document, the goods subject-matter of sald Immobilization-Seizure-Confiscation Minutes No. 118-2005-0300 No. 000037 are considered as non declared goods, and its is responsibility of this Tax Court Division to confirm the administrative confiscation sanction imposed by the Customs of origin.

Regarding the documentation filed by the appellant with the purpose of disproving the grounds of the administrative confiscation sanction imposed by the Customs, it must be mentioned that said document was the same as the one the appellant filed to challenge the resolution which decreed the inadmissibility of its application for amendment, and the document has already been examined by the Court with the conclusion that it did not justify amending the freight manifest.

Having Huaman Sialer and Barrantes Takata as members of the Court, and Winstanley Patio as the member who writes the court's opinion;

IT IS HEREBY DECIDED:

TO CONFIRM Director's Resolution No. 118-3D1000/2006-000178 issued by the Callao Intendancy, for Maritime Customs dated May 24th, 2006.

To be registered, notified, and sent to the Customs Administration for the purposes deemed convenient.

(Signature) Huaman SIALER, President
(Signature) Winstanley PATIO, Member
(Signature) Barrantes TAKATA, Member
(Signature) Falconi GRILLO, Reporting Clerk

WR/FG/GE/ot

MAIRA SAWAYA L. RB
CERTIFIED TRANSLATOR
Member of the Peruvian Translators
Association – License CTP 0145

the undersigned Certified Translator, do hereby certify that the foregoing is a true and correct translation of the original text in Spanish attached hereto. This translation shall not be considered as an acknowledgement of the authenticity of the original document.

In witness whereof, I set my hand and affix my seal in the city of Lima (Peru), this 21st day of May 2007

MAIRA SAWAYA      RB
CERTIFIED TRANSLATOR
Member of the Peruvian Translators
Association - License C.T.P. 0148



U.S. POSTAGE
PAID
CHARLOTTE, NC
28211 08
JAN 11 08
AMOUNT
**$6.28**
00018425-22

19808

UNITED STATES
POSTAL SERVICE

0000

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7006 3450 0000 9383 0756

*CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
CaroTrans International, Inc.
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

**MILLER & MILLER**
ATTORNEYS AT LAW
319 SOUTH SHARON AMITY ROAD, SUITE 330
CHARLOTTE, NORTH CAROLINA 28211



RETURN RECEIPT
REQUESTED

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No.  3:08-cv-53**

| | | |
|---|---|---|
| EVERLIGHT USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROTRANS INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | **ANSWER, MOTION TO** |
| | ) | **DISMISS AND COUNTER-** |
| | ) | **CLAIM** |
| | ) | |
| | ) | |

In answer to the corresponding paragraphs of the Plaintiff's Complaint, this Defendant answers and says as follows:

1.   The allegations in paragraph 1 are admitted, on information and belief.

2.   The allegations in paragraph 2 are admitted.

3.   This answering Defendant is without sufficient knowledge to admit or deny the allegations in the corresponding paragraph of the Complaint, and the same are, therefore, denied.  It is admitted, on information and belief, that defendant is at least a shipper of dyes.

4.   Admitted that Defendant was an NVOCC.  Denied that Defendant ever was or is for all purposes an agent for Plaintiff. Admitted that Defendant had a certain limited agency for Plaintiff under the applicable law.   Except as admitted the allegations in paragraph 4 are denied.

5.   The allegations in paragraph 5 are admitted, on information and belief.

6.   The allegations in paragraph 6 are admitted, on information and belief.

7.  The allegations in paragraph 7 are admitted.

8.  This answering Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 8 of the Complaint, and the same are, therefore, denied at the present time.

9.   The allegations in paragraph 9 are denied.

10.   This answering Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 10 of the Complaint, and the same are, therefore, denied.  On information and belief, it is admitted that the goods have not been delivered to Plaintiff.

11.  The allegations in paragraph 11 are denied.

12.   This answering Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 12 of the Complaint, and the same are, therefore, denied.

13.   The allegations in paragraph 13 require no response of answering defendant; however, to the extent a response is required, the allegations are denied.

14.  The allegations in paragraph 14 are denied.

15.  The allegations in paragraph 15 are denied as the standard claimed by Plaintiff is incorrect.

16.  The allegations in paragraph 16 are denied

17.  The allegations in paragraph 17 are denied.

18.  The allegations in paragraph 18 are denied.

19. The allegations in paragraph 19 require no response of answering defendant; however, to the extent a response is required, the allegations are denied.

20. The allegations in paragraph 20 are admitted, on information and belief.

21. It is admitted that Plaintiff delivered the goods to Defendants. Denied that Defendant has any status as a "bailee." Except as admitted, the allegations in paragraph 21 are denied.

22. The allegations in paragraph 22 are denied as to any duties not set forth in the applicable bills of lading. Except as admitted, denied.

23. Denied that Defendant refused. Admitted that goods have not been delivered on information and belief. Except as admitted, the allegations in paragraph 23 are denied.

24. The allegations in paragraph 24 are denied.

25. The allegations in paragraph 25 are denied.

26. Denied as to any fair market value different from the declared value for customs purposes.

27. The allegations in paragraph 27 are denied.

## OTHER DEFENSES

### First Defense

This is a maritime and admiralty claim within the meaning of Rule 9(h). As such, federal substantive admiralty law controls this matter to the exclusion and pre-emption of the UCC of any state or jurisdiction, and all of Plaintiff's state law claims are barred and generally preempted thereby. The subject matter of this case is exclusively controlled by Federal Statute, the "Carriage of Goods by Sea

Act" §4(5), Ch. 229, 49 Stat. 1207 (1936), *reprinted in* note following 46 U.S.C. § 30701 *et seq.* previously 46 U.S.C. § 1304(5), and other federal statutes, which in particular preempt all of Plaintiff's state law claims, which must be dismissed, therefore.

<u>Second Defense</u>

As the preemptive and only applicable law has not been pled, Plaintiff's Complaint fails to state a claim for which relief may be granted, and the same should be dismissed, therefore.

<u>Third Defense</u>

Plaintiff failed to mitigate damages and seek cover.

<u>Fourth Defense</u>

No punitive damages or attorney fees are allowed in admiralty under the facts of this case, and any claim therefore is barred.

<u>Fifth Defense</u>

No consequential damages are allowed in admiralty, under COGSA, or under the contract or facts of this case, and any claim for the same is barred thereby.

<u>Sixth Defense</u>

To the extent Plaintiff has not tendered payment for the goods, Plaintiff lacks standing to sue.  The case in unripe, and Plaintiff has no claimable damages.

<u>Seventh Defense</u>

Defendant pleads all the terms and defenses of the land bill of lading, the ocean bill of lading, and all related and incorporated bills of lading agreed to by Plaintiff and his authorized agents, to the limitation or exclusion of the Plaintiff's claims herein, including without limitation all defenses set forth in US COGSA

### Eighth Defense

Defendant pleads restraint of princes, rulers, or people, or seizure under legal process, and commercial impracticability and human *force majeure* defenses in bar of the Plaintiff's claims.

### Ninth Defense

Defendant pleads Plaintiff's breach of contract.

### Tenth Defense

Defendant pleads against Plaintiff all available set-offs and credits for unpaid monies owed to Defendant or unpaid by Plaintiff.

### Eleventh Defense

Defendant pleads the time limitation for actions under US COGSA, the Harter Act and the Carmack Amendment to the ICC (if applicable) and all other statutes of limitations in bar of Plaintiff's claims.

### Twelfth Defense

Defendant pleads the package limitation under COGSA in limitation and bar, in whole or in part, of Plaintiff's claims.

### Thirteenth Defense

Defendant pleads the forum selection and choice of law elections set forth in the bills of lading in bar of Plaintiff's Complaint, and to the extent any action

based on the same subject matter has been brought elsewhere, for consolidation there and / or to dismiss on the basis of forum non conveniens, or if not dismissed, for a stay to avoid inconsistent verdicts.

<u>Fourteenth Defense</u>

Defendant pleads Plaintiff's waiver under the bills of lading and laches in bar of its claims.

<u>Fifteenth Defense</u>

Defendant pleads lack of personal jurisdiction in bar of Plaintiff's claims as alleged.

<u>Sixteenth Defense</u>

Defendant pleads Plaintiff's own acts as the sole and proximate cause of its loss, lack of causation by Defendant for Plaintiff's claimed damages, and Plaintiff's own negligence, all in bar of Plaintiff's recovery.

**<u>COUNTERCLAIM AGAINST PLAINTIFF</u>**

1. The above allegations are incorporated by reference as if fully alleged herein.

2. If Plaintiff had a contract directly with this Answering Defendant, then Plaintiff is obligated to pay Defendant freight charges.

3. On information and belief, Plaintiff has not paid Defendant freight charges, and therefore, Plaintiff has breached its contract with Defendant.

4. On information and belief, Plaintiff owes the balance of such freight charges to answering Defendant.

**PRAYER**

1.  That the Complaint be dismissed in its entirety.

2.  In the alternative, that all of Plaintiff's state law claims be dismissed.

3.  If not sooner dismissed, for a transfer of this action in accordance with the prior agreement of the Parties to forum and venue.

4.  That Plaintiff have nothing of this Answering Defendant.

5.  That the costs of this action be taxed against Plaintiff.

6.  That the court enter judgment against Plaintiff for any outstanding freight charges that Plaintiff owes to Defendant.

7.  For such other and further relief as to the Court seems just and proper.

Respectfully submitted this 18th day of February, 2008.

**CLARK, NEWTON, EVANS & BRYAN, L.L.P.**
***Attorneys for Defendant Carotrans, International Inc.***

By:    /s/ Don T. Evans, Jr.
       NC Bar No. 19003
       /s/ Seth P. Buskirk
       NC State Bar No. 36664
       509 Princess Street
       Wilmington, NC  28401
       Telephone:  (910) 762-8743
       Facsimile:   (910) 762-6206
       E-Mail:       dte@ClarkNewton.com

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true copy of the foregoing Answer and Counterclaim on behalf of Defendant Carotrans International, Inc. was further sent to the following by first class mail:

Jerome Miller, Esq.
319 S. Sharon Amity Rd., Suite 350
Charlotte, NC  28211
***Attorneys for Plaintiff***

This, the 18th day of February, 2008.

/s/ Don T. Evans, Jr.

THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:08-cv-53

| | | |
|---|---|---|
| EVERLIGHT USA, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | |
| | ) | |
| CAROTRANS INTERNATIONAL, INC., | ) | **DEFENDANT'S RULE 7.1** |
| | ) | **DISCLOSURE STATEMENT** |
|     Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**Carotran International, Inc.** who is the Defendant in the above captioned case, makes the following disclosure:

1. Is party a publicly held corporation or other publicly held entity ?
( ) Yes (✓) No

2. Does party have any parent corporations ?
(✓) Yes ( ) No

If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

MAINFREIGHT  LTD  ,  AUCKLAND  NEW ZEALAND

3. Is 10% or more of the stock of a party owned by a publicly held corporation or other publiclyheld entity ?

( ) Yes (✗) No

If yes, identify all such owners: _____

_____

_____

_____

4. Is there any other publicly held corporation or other publicly held entity that has a directfinancial interest in the outcome of the litigation ?

( ) Yes (✗) No

If yes, identify entity and nature of interest:

_____

_____

_____

_____          February 19, 2008
(Signature)                      (Date)

Respectfully submitted this, the 19 th day of February , 2008.

**CLARK, NEWTON, EVANS & BRYAN, L.L.P.**
*Attorneys for Defendant*

Wilmington, NC 28401
Telephone:    (910) 762-8743
Facsimile:    (910) 762-6206
E-Mail: DTE@ClarkNewton.com, SPB@ClarkNewton.com

I certify that a true copy of the foregoing Rule 7.1 statement was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Jerome Miller, of the firm of Miller and Miller, this 19th day of February , 2008.

/s/ Seth P. Buskirk

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:08-cv-53**

| | | |
|---|---|---|
| EVERLIGHT USA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER TO COUNTERCLAIM** |
| | ) | |
| CAROTRANS INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, responding to Defendant's Counterclaim, answers and says as follows:

1.      The allegations contained in all paragraphs of Plaintiff's Complaint and Defendant's Answer are incorporated by reference as if fully set forth herein.

2.      Plaintiff denies that it is obligated to pay Defendant's freight charges for the reason that, by reason of Defendant's negligence, such freight charges are not due and owing due to a failure of consideration.

3.      Plaintiff admits that it has not paid Defendant's freight charges, and denies that it breached its contract with Defendant.

4.      The allegations contained in Paragraph 4 of the Counterclaim are denied.  It is specifically denied that Plaintiff owes such freight charges on the grounds that Defendant's unlawful conduct caused a total seizure, loss and destruction of Plaintiff's goods.

**WHEREFORE**, Plaintiff prays the Court for the following relief:

1.      That the Counterclaim be dismissed in its entirety.

2.      That the Defendant pay Plaintiff's reasonable attorney's fees.

3.     That the Defendant pay Plaintiff's costs associated with this action.

4.     For such other and further relief as this Court may deem just and proper.

Respectfully submitted this 21st day of February, 2008.

                    **MILLER & MILLER**
                    **Attorneys for Plaintiff Everlight U.S.A., Inc.**

                    By:     /s/ J. Jerome Miller
                            NC Bar No. 6767
                            319 S. Sharon Amity Road, Suite 350
                            Charlotte, NC 28211
                            Telephone:  (704) 366-9129
                            Facsimile:  (704) 366-9129
                            E-mail:  jerry@millerlawcharlotte.com

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Answer to Counterclaim on behalf of Plaintiff

Everlight U.S.A., Inc. was further sent to the following by first class mail:

> Don T. Evans, Jr., Esq.
> Clark Newton Evans & Bryan, LLP
> 509 Princess Street
> Wilmington, North Carolina 28401

This 21st day of February, 2008.

/s/ J. Jerome Miller

STATE OF NORTH CAROLINA

<u>VERIFICATION</u>

COUNTY OF MECKLENBURG


     SCOTT CHEN, being first duly sworn, deposes and says that he is the President of Everlight USA, Inc., the Plaintiff in this action, and that as such he has the authority to make this Reply; that he has read the foregoing Reply and knows the contents thereof and that the same is true of his own knowledge except as to those matters and things stated upon information and belief, and as to those matters and things, he believes them to be true.


                               _____

                               SCOTT CHEN



Sworn to and subscribed before me
this \_\_\_\_\_ day of _____, 2008.

_____
     Notary Public

My commission expires:

(SEAL)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:08-cv-53**

| | | |
|---|---|---|
| EVERLIGHT USA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S RULE 7.1** |
| | ) | **DISCLOSURE STATEMENT** |
| CAROTRANS INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Everlight U.S.A., Inc. who is the Plaintiff in the above captioned case, makes the following disclosure:

1.    Is party a publicly held corporation or other publicly held entity?
( ) Yes        (✓) No

2.    Does party have any parent corporations?
(✓) Yes        ( ) No

If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

EVERLIGHT INDUSTRIAL CHEMICAL CORPORATION

TAIPEI, TAIWAN

3.    Is 10% or more of the stock of a party owned by a publicly held corporation or other publicly held entity?
( ) Yes        (✓) No

If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct
financial interest in the outcome of the litigation?
(  ) Yes        (✓) No

If yes, identify entity and nature of interest:

_____

_____

_____          _____
Signature                                                      Date

Respectfully submitted this the 21st day of February, 2008

                         **MILLER & MILLER**
                         **Attorneys for Plaintiff Everlight U.S.A., Inc.**

                         By:      /s/ J. Jerome Miller
                                   NC Bar No. 6767
                                   319 S. Sharon Amity Road, Suite 350
                                   Charlotte, NC 28211
                                   Telephone:  (704) 366-9129
                                   Facsimile:  (704) 366-9129
                                   E-mail:  jerry@millerlawcharlotte.com

**CERTIFICATE OF SERVICE**

      I certify that a true copy of the foregoing Plaintiff's Rule 7.1 Disclosure Statement on behalf of Plaintiff, Everlight U.S.A., Inc. was sent to the following via electronic mail and further by first class mail:

                            Don T. Evans, Jr., Esq.
                            Clark Newton Evans & Bryan, LLP
                            509 Princess Street
                            Wilmington, North Carolina 28401
                            Telephone:  910-256-8484
                            Facsimile:  910-256-8488
                            E-mail:  dte@clarknewton.com

                            Seth P. Buskirk, Esq.
                            Clark Newton Evans & Bryan, LLP
                            509 Princess Street
                            Wilmington, North Carolina 28401
                            Telephone:  910-256-8484
                            Facsimile:  910-256-8488
                            E-mail:  spb@clarknewton.com

                            Carotrans International, Inc.
                            c/o Don T. Evans, Jr., Esq.
                            Clark Newton Evans & Bryan, LLP
                            509 Princess Street
                            Wilmington, North Carolina 28401
                            Telephone:  910-256-8484
                            Facsimile:  910-256-8488
                            E-mail:  dte@clarknewton.com

      This 21st day of February, 2008.

                            **MILLER & MILLER**
                            **Attorneys for Plaintiff Everlight U.S.A., Inc.**

                            By:      /s/ J. Jerome Miller
                                          NC Bar No. 6767
                                          319 S. Sharon Amity Road, Suite 350
                                          Charlotte, NC 28211
                                          Telephone:  (704) 366-9129
                                          Facsimile:  (704) 366-9129
                                          E-mail:  jerry@millerlawcharlotte.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No.  3:08-cv-53**

| | | |
|---|---|---|
| **EVERLIGHT USA, INC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | **MOTION FOR JUDGMENT ON THE** |
| | ) | **PLEADINGS, TO DISMISS OR FOR** |
| **CAROTRANS INTERNATIONAL,** | ) | **TRANSFER OF VENUE** |
| **INC.** | ) | |
| | ) | **Fed.R.Civ.P. 12(c), 12(b)(1)-(3), (6)** |
| **Defendant** | ) | |
| | ) | |

Comes now the Defendant under Federal Rules of Civil Procedure 12(c), and 12(b)(1)-(3), and

(6) and moves this honorable Court for judgment on the pleadings, and in the alternative, to

dismiss for lack of subject matter jurisdiction, failure to plead personal jurisdiction, and for

improper venue, and in the second alternative, to dismiss and/or transfer this case to the proper

venue.  A memorandum in support hereof is attached.

Respectfully submitted this, the 3rd day of February, 2008.

**CLARK, NEWTON, EVANS & BRYAN, L.L.P**.
Attorneys at Law and in Admiralty
*Counsel for Defendant*
By:  /s/
Don T. Evans, Jr.
NC Bar No.  19003
/s/ Seth P. Buskirk
NC Bar. No. 36664
509 Princess St.
Wilmington, North Carolina 28401
Telephone: (910) 762 -8743
Facsimile: (910) 762 6206

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have filed a copy of the foregoing MOTION TO DISMISS with the ECF filing system and served it on Plaintiff by posting a copy thereof in the United States Mail, first class and postage prepaid, addressed to:

J. Jerome Miller
Miller and Miller, Esq.
319 South Sharron Amity Road, Suite 350
Charlotte, NC 28211

This, the 3rd day of February, 2008.

/s/ Don T. Evans, Jr.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No.  3:08-cv-53**

| | | |
|---|---|---|
| **EVERLIGHT USA, INC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION FOR JUDGMENT ON THE** |
| **CAROTRANS INTERNATIONAL,** | ) | **PLEADINGS, TO DISMISS OR FOR** |
| **INC.** | ) | **TRANSFER OF VENUE** |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

Defendant sets forth below his memorandum in support of the above-captioned motion.

## 1.  INTRODUCTION.

Plaintiff, a textile dye manufacturer and Defendant a non-vessel owning common carrier ("NVOCC") contracted to ship dye owned by Plaintiff from Florida to Peru in September of 2005.  For reasons unknown, when Plaintiff's goods arrived in Peru, they were allegedly confiscated by the Peruvian Government, and were therefore never delivered to their intended consignee. Plaintiff sued Defendant in North Carolina State court in Mecklenburg County under state-law theories of negligence and bailment.  As this was an admiralty case under FRCP 9(h), governed exclusively by federal statute, Defendant removed the

case to the United States District Court for the Western District of North Carolina, and now asks the Court to dismiss Plaintiff's complaint[1] or in the alternative, to transfer it to the appropriate venue.

**2. The Court should dismiss Plaintiff's Complaint or enter Summary Judgment as a matter of law due to numerous fatal defects on the face of the Complaint.**

Plaintiff's complaint should be dismissed upon multiple grounds. First, Plaintiff has failed to plead facts sufficient to support personal jurisdiction over Defendant. Second, Plaintiff has failed to state a claim upon relief which can be granted as it has pled only state law tort claims, and despite the rights and duties of the parties to this action being governed exclusively by the U.S. Carriage of Goods by Sea Act, (COGSA)[2] which preempts Plaintiff's state law claims. Third, even if the Western District so liberally construes Plaintiff's complaint that it states a cause of action under COGSA, then Plaintiff's complaint is still time-barred by COGSA's one year statute of limitations. Finally, should Plaintiff's complaint not be dismissed by the grounds stated above, this case should be dismissed and transferred to the appropriate venue in the Southern District of New York, to which

---

[1] "Complaint" herein refers to Plaintiff's "Amended Complaint," though it is Plaintiff's first before this Court.

[2] 46 U.S.C.A. § 30701, "Carriage of Goods by Sea Act" §4(5), Ch. 229, 49 Stat. 1207 (1936), *reprinted in* note following 46 U.S.C. § 30701 *et seq.* previously 46 U.S.C. § 1304(5).

venue Plaintiff agreed when it accepted the bill of lading at the time of contracting

with Defendant for the shipment of its goods.

### a.  Plaintiff has failed to plead personal jurisdiction over Defendant.

Plaintiff indicated in its complaint that it is suing a non-resident Defendant

in North Carolina.  The only allegation in Plaintiff's Complaint relating to

Defendant's residence states, **"**Defendant is a corporation organized and existing

under the laws of the State of Delaware, has its principal office and place of

business in Wilmington, New Castle County, Delaware." (Plaintiff's Complaint,

Para. 2).  Defendant is aware that "personal jurisdiction may not be defeated

because Defendant is a non-resident" Moore's Manual: Federal Practice and

Procedure, § 6.03[1] (2007).  However, since Plaintiff has alleged that Defendant

is a not a resident of North Carolina, the forum state Plaintiff chose, Plaintiff must

also allege facts showing that its cause of action arose out of or was somehow

related to Defendant's contacts with the state of North Carolina, and "that there

[was] some act by which the defendant purposefully avail[ed] itself of the privilege

of conducting activities within the forum State, thus invoking the benefits and

protections of its laws. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475

(1985).  Plaintiff's Complaint alleges no acts of Defendant occurring within North

Carolina.  While Plaintiff does allege that Defendant acted as its agent, no acts of

the agent are identified as occurring in North Carolina. (Plaintiff's Complaint,

Para. 4).  Further, while Plaintiff alleges that Defendant entered into several

contracts, the only forum mentioned as related to the contract is Florida.

(Plaintiff's Complaint, Para. 5 and 7).  In fact, the only location where Plaintiff

alleges acts of Defendant which it claims hurt Plaintiff's interests is Peru.

(Plaintiff's Complaint, Para. 5,7,8,9,10,14, and 20). Because Plaintiff has failed to

allege any minimum contacts with, or purposeful availment of, the laws of the

State of North Carolina, Plaintiff's complaint should be dismissed for failure to

allege personal jurisdiction over Defendant in North Carolina.  *See* <u>Burger King</u>

<u>Corp.</u>, 471 U.S. at. 475.

> **b.  Plaintiff's state law claims are preempted by Federal Statute, The
>     U.S. Carriage of Goods by Sea Act (COGSA), and therefore
>     Plaintiff has failed to state a claim upon which relief may be
>     granted .**

This case is governed exclusively by the U.S. Carriage of Goods by Sea Act

(COGSA), which "applies to a carrier engaged in the carriage of goods to or from

any port in the United States." 46 U.S.C. § 30702(a) (see footnote 2).  COGSA

cases are within admiralty jurisdiction and governed exclusively by admiralty law.

See, e.g., Schoenbaum, <u>Admiralty and Maritime Law</u>, Sec. 3-10, p.113, West

Publishing (2007); <u>Leather's Best, Inc. v. S.S. Mormaclynx</u>, 451 F.2d 800 (2d Cir.

1971) (subsequent history omitted).   Plaintiff has admitted that Defendant is such

a carrier, properly alleging that Defendant is a Non-Vessel Operating Common

Carrier (NVOCC), which entered into a contract to ship goods via ocean liner from Florida to Peru and issued several bills of lading to Plaintiff after accepting the goods for such carriage by sea. (Plaintiff's Complaint, para. 4, 5, and 6). A NVOCC is a "carrier" for purposes of the Carriage of Goods by Sea Act. Schramm, Inc. v. Shipco Transport, Inc., 364 F.3d 560 (4th Cir. 2004) (NVOCC's liability for damages to goods of shipper limited to COGSA's $500 package limitation); *See also* M. Prusman Ltd. v. M/V Nathanel, 670 F.Supp. 1141, 1143 (S.D.N.Y.,1987) ("*Although COGSA does not define the term NVOCC, the Act's definition of 'carrier' must be read to include a party who, though not an owner or charterer of a ship, enters into a contract of carriage with a shipper and otherwise holds itself out to provide transportation of property for hire by water*.").

Plaintiff has brought state law causes of action for negligence and bailment against Defendant because the alleged acts of Defendant supposedly resulted in the improper detention of Plaintiff's goods, ultimately resulting in Plaintiff's loss of its goods. In the Fourth Circuit, if a bill of lading issued by a carrier is governed by COGSA, as is shown above, the rights and duties of the parties are to be exclusively determined under COGSA "even if state law is inconsistent." Wemhoener Pressen v. Ceres Marine Terminals, Inc. 5 F.3d 734 (4th Cir. 1993) (shipper barred from raising state-law claims due to COGSA's terms limiting recovery of subcontractor terminal operator via the Bill of Lading's "Himalaya

Clause"), *See also* <u>Polo Ralph Lauren, L.P. v. Tropical Shipping & Const. Co.,</u>
<u>Ltd.,</u> 215 F.3d 1217 (11th Cir. 2000) (Claims by clothing corporation against
shipping company, seeking damages for loss of goods at sea on theories of
bailment, negligence, and breach of contract, were preempted by COGSA).   The
Court cannot grant Plaintiff relief on his stated claims.  Because Plaintiff has failed
to allege liability under the proper governing law that exclusively determines the
rights and duties of the parties, Plaintiff's complaint should dismissed for failure to
assert a claim upon which relief may be granted, (and does not assert proper
grounds for subject matter jurisdiction). *See* Fed. R. Civ. P. 12(b)(6).

### c.  Even if Plaintiff's complaint is construed to state a claim for relief under COGSA, it is time-barred on its face.

Plaintiff's complaint is time-barred because it is filed after COGSA's one-
year statute of limitations.  COGSA strictly limits the time in which such a cargo
complaint can be filed, to wit: "*In any event the carrier and the ship shall be*
*discharged from all liability in respect of loss or damage unless suit is brought*
*within one year after delivery of the goods or the date when the goods should have*
*been delivered.*" 46 U.S.C. § 30701(6).  As the goods here were seized at the port
of delivery, the date "the goods should have been delivered" and the "date of
delivery" are both the same day, and established by Plaintiff's Complaint, to wit:
"*...[O]n or about September 29, 2005, Peruvian Customs confiscated the cargo*

*owned by Plaintiff...[after the goods arrived] ...in Calloa, Peru*" because of the alleged negligent acts of Defendant. (Plaintiff's Complaint Para. 8 and 9). This is further supported by the fact that, the port of discharge identified on the bill of lading that covered the goods, was also Callao, Peru. (Ex. A to Plaintiff's Complaint).

Plaintiff, therefore, had one year from September 29, 2005 for filing its COGSA suit - say, 28 September 2006. Instead, Plaintiff waited to file its complaint in North Carolina State Court until December 28, 2007 - about 15 months late. (Plaintiff's Civil Summons). The carrier (in this case Defendant) is, therefore, "discharged from all liability." *See* 46 U.S.C. § 30701(6). As such, Plaintiff's exclusive cause of action against Defendant is now time-barred and should be dismissed. *See also* Alpha Intern. Trading Co. v. Maersk, Inc. 141 F.Supp.2d 580, 583 (W.D.N.C.,2001) ( *". . . even assuming arguendo that Plaintiff can bring tort and unfair and deceptive trade practices claims concurrently with its COGSA contract claim, those claims are barred, as is the contract claim, by COGSA's one year statute of limitations.*")

    **d. Plaintiff has filed a Complaint in the wrong forum, as Plaintiff was limited solely to the South District of New York under the applicable Forum Selection Clause on the Bill of lading.**

The bill of lading Defendant issued to Plaintiff when Defendant agreed to ship Plaintiff's goods (and to which Plaintiff referred in its Complaint but did not attach) contained the following clause:

> 23(b) Jurisdiction
> All disputes in any way relating to this Bill of Lading shall be determined by the <u>United States District Court for the Southern District of New York</u> to the exclusion of the jurisdiction of any other courts in the United States or the courts in any other country PROVIDED ALWAYS that the Carrier may in its absolute and sole discretion invoke or voluntarily submit to the jurisdiction of any other court which, but for the terms of this Bill of Lading, could properly assume jurisdiction to hear and determine such disputes, but shall not constitute a waiver of the terms of this provision in any other instance. (emphasis added). (See <u>Enclosure 1</u>, reverse side of Ex. A to Plaintiff's Complaint (exploded to 3 pages from 1)).

Forum Selection (and for that matter, choice of law selection) clauses in bills of lading are enforceable in admiralty, and in particular, in cargo cases. *See* <u>Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER</u>, 515 U.S. 528 (1995) (enforcing clause in bill of lading requiring dispute to be settled in Japan by arbitration); s*ee also* <u>Pasztory v. Croatia Line</u> 918 F.Supp. 961, *967 (E.D.Va. 1996) enforcing Croatian choice of law and forum selection clause).  If our circuit's district courts honor Croatian choice of law and forum selection clauses, Plaintiff has no standing to complain about litigating his rights in the Southern District of New York, which it agreed to do upon accepting Defendant's bill of lading.

**Conclusion.**

Plaintiff's complaint should be dismissed upon multiple grounds. First, Plaintiff has failed to plead facts to support personal jurisdiction over Defendant. Second, Plaintiff has failed to state a claim upon relief which can be granted, as it has only pled state law tort claims, and the rights and duties of the parties to this action are governed exclusively by COGSA, which preempts Plaintiff's state law claims. Third, if the Western District so liberally construes Plaintiff's complaint to state a cause of action under COGSA, then Plaintiff's complaint is time-barred by COGSA's one year statute of limitations. Finally, if for any reason Plaintiff's complaint is not dismissed on the grounds stated above, this case should be dismissed and/or transferred to the appropriate venue in the Southern District of New York.

Respectfully submitted this, the 3rd day of February, 2008.

**CLARK, NEWTON, EVANS & BRYAN, L.L.P**.
Attorneys at Law and in Admiralty
*Counsel for Defendant*
By:  /s/
Don T. Evans, Jr.
NC Bar No.  19003
/s/ Seth P. Buskirk
NC Bar. No. 36664
509 Princess St.
Wilmington, North Carolina 28401
Telephone: (910) 762 -8743
Facsimile: (910) 762 6206

## **CERTIFICATE OF SERVICE**

I hereby certify that I have filed a copy of the foregoing MOTION, AND MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT OR TO DISMISS with the ECF filing system and served it on Plaintiff by posting a copy thereof in the United States Mail, first class and postage prepaid, addressed to:

J. Jerome Miller
Miller and Miller, Esq.
319 South Sharron Amity Road, Suite 350
Charlotte, NC 28211

This, the 3rd day of February, 2008.

/s/ Don T. Evans, Jr.

TERMS AND CONDITIONS

1. DEFINITIONS
   a) "Bill of Lading" as used herein includes conventional bills of lading,
as well as electronic, express and laser bills of lading, sea waybills and all like documents, howsoever generated, covering the Carriage of Goods hereunder, whether or not issued to the Merchant.
   b) "Carrier" means the Company named on the face side hereof and on whose behalf this Bill of Lading was issued, whether acting as carrier or bailee.
   c) "Charges" means freight, deadfreight, demurrage and all expenses and money obligations incurred and payable by the Merchant.
   d) "Container" means any container (closed or open top), van, trailer, flatbed, transportable tank, railroad car, vehicle, flat, flatrack, pallet, skid, platform, cradle, sling-load or any other article of transport and any equipment associated or appurtenant thereto.
   e) "Goods" means the cargo received from the shipper and described on the face side hereof and any Container not supplied by or on behalf of the Carrier.
   f) "Merchant" means the shipper, consignee, receiver, holder of this Bill of Lading, owner of the cargo or person entitled to the possession of the cargo and the servants and agents of any of these, all of whom shall be jointly and severally liable to the Carrier for the payment of all Charges, and for the performance of the obligations of any of them under this Bill of Lading.
   g) "On Board" or similar words endorsed on this Bill of Lading means that in a Port to Port movement, the Goods have been loaded on board the Vessel or are in the custody of the actual ocean carrier and, in the event of intermodal transportation, if the originating carrier is an inland or coastal carrier, means that the Goods have been loaded on board rail cars or another mode of transport at the Place of Receipt and/or are in the custody of a Participating carrier and en route to the Port of Loading named on the reverse side.
   h) "Participating carrier" means any other carrier by water, land or air, performing any stage of the Carriage, including inland and coastal carriers, whether acting as sub-carrier, connecting carrier, substitute carrier or bailee.
   i) "Person" means an individual, a partnership, a body corporate or any other entity of whatsoever nature.
   j) "Vessel" means the ocean vessel named on the face side hereof, and any substitute vessel, feedership, barge, or other means of conveyance by water used in whole or in part by the Carrier to fulfill this contract.
2. CARRIER'S TARIFFS
   The Goods carried hereunder are subject to all the terms and conditions of the Carrier's applicable tariff(s) on file with a regulatory body whose rules govern all or a particular portion of the Carriage and said terms and conditions are hereby incorporated herein as part of the Terms and Conditions of this Bill of Lading. Copies of the relevant provisions of the applicable tariff(s) are obtainable from the Carrier or concerned regulatory body upon request. In the event of any conflict between the terms and conditions of such tariff(s) and the Terms and Conditions of this Bill of Lading, this Bill of Lading shall prevail.
3. WARRANTY/ACKNOWLEDGMENT.
   The Merchant warrants that in agreeing to the Terms and Conditions hereof, it is, or is the agent and has the authority of, the owner or person entitled to the possession of the Goods or any person who has a present or future interest in the Goods.
   The Merchant acknowledges that the Carrier is a non-vessel operating common carrier ("NVOCC"), and that it neither owns nor charters vessels, as a result of which the Carrier or any sub-carrier, connecting carrier or substitute carrier (which may be a NVOCC) will be required to contract with an actual ocean carrier to accomplish the Carriage contemplated by this Bill of Lading and does so as agent of the Merchant.
   The Merchant further acknowledges that by identifying the carrying Vessel on the face side hereof, it knows or can determine the name of the actual ocean carrier and the terms and conditions of the actual ocean carrier's bill of lading and applicable tariff(s) and agrees to be bound thereby.
4. RESPONSIBILITY
   a) Except where the Carriage covered by this Bill of Lading is to or from a port or locality where there is in force a compulsorily applicable ordinance or statute of a nature similar to the International Convention for the Unification of Certain Rules Relating to Bills of Lading, dated at Brussels, August 25, 1924, the provisions of which cannot be departed from, and suit or other proceeding is instituted and litigated in such locality, this Bill of Lading shall have effect subject to the Carriage of Goods by Sea Act of the United States ("COGSA"), approved April 16, 1936, and nothing herein contained, unless otherwise stated, shall be deemed a surrender by the Carrier of any of its rights, immunities, exemptions, limitations or exonerations or an increase of any of its responsibilities or liabilities under COGSA or, as the case may be, such compulsorily applicable ordinances or statutes. The provisions of COGSA or such compulsorily applicable ordinances or statutes (except as otherwise specifically provided herein) shall govern before loading on and after discharge from the vessel and throughout the entire time the Goods or Containers or other packages are in the care, custody and/or control of the Carrier, Participating carriers or independent contractors (inclusive of all subcontractors), their agents and servants, whether engaged by or acting for the Carrier or any other person, as well as during the entire time the Carrier is responsible for the Goods. In the absence of compulsorily applicable legislation, COGSA shall apply.
   b) The Carrier shall not be liable in any capacity whatsoever for any delay, non-delivery, mis-delivery or other loss or damage to or in connection with the Goods or Containers or other packages occurring at any time contemplated under subdivision a) of this Clause.
   c) The Carrier shall, irrespective of which law is applicable under subdivision a) of this Clause, be entitled to the benefit of the provisions of Sections 4281 to 4287, inclusive, of the Revised Statutes of the United States and amendments thereto.
   d) The rights, defenses, exemptions, limitations of and exonerations from liability and immunities of whatsoever nature provided for in this Bill of Lading shall apply in any action or proceeding against the Carrier, its agents and servants and/or any Participating carrier or independent contractor.
5. THROUGH TRANSPORTATION
   When either the Place of Receipt or Place of Delivery set forth herein is an inland point or place other than the Port of Loading (Through Transportation basis), the Carrier will procure transportation to or from the sea terminal and such inland point(s) or place(s) and, notwithstanding anything in this Bill of Lading contained, but always subject to Clause 4. hereof, the Carrier shall be liable for loss or damage of whatsoever nature and howsoever arising to the following extent, but no further:
   a) Upon proof that the loss or damage arose during a part of the Carriage herein made subject to COGSA or other compulsorily applicable legislation, as set forth in Clause 4. a) hereof, said legislation shall apply; or
   b) Upon proof that the loss or damage not falling within a) above, but concerning which the law of any country, state or subdivision thereof contains provisions that are compulsorily applicable and would have applied if the Merchant had made a separate and direct contract with the Carrier, a Participating carrier or independent contractor, as referred to in Clause 4. a), relative to a particular stage of transport or other handling wherein the loss or damage occurred and received as evidence thereof a particular receipt or other document, then the liability of the Carrier, Participating carrier and independent contractor shall be subject to the provisions of such law.
   c) If it should be determined that the Carrier bears any responsibility for loss or damage occurring during the care, custody and/or control of any Participating carrier or independent contractor, and be subject to law compulsorily applicable to their bills of lading, receipts, tariffs and/or law applicable thereto, then the Carrier shall be entitled to all rights, defenses, immunities, exemptions, limitations of and exonerations from liability of whatsoever nature accorded under such bill of lading, receipt, tariff and/or applicable law, provided however, that nothing contained herein shall be deemed a surrender by the Carrier of any of its rights, defenses and immunities or an increase of any of its responsibilities or liabilities under this Bill of Lading, the Carrier's applicable tariff or laws applicable or relating to such Carriage.
   d) Except as hereinabove provided, the Carrier shall have no liability for damage to the Goods.
6. SUBCONTRACTING; BENEFICIARIES
   a) The Carrier shall be entitled to subcontract on any terms the whole or any part of the Carriage, loading, unloading, storing, warehousing, handling and any and all duties whatsoever undertaken by it in relation to the Goods or Containers or other packages or any other goods.   b) It is understood and agreed that if it should be adjudged that any person or entity other than or in addition to the Carrier is under any responsibility with respect to the Goods or any other goods, regardless of the port or place where any loss or damage shall occur and without regard to whether the Goods covered hereby or any other goods are being handled or are damaged directly or indirectly during any handling, and even if the Goods or other goods are transported on free in, stowed and/or free out terms, all exemptions, limitations of and exonerations from liability provided by law or by the Terms and Conditions hereof shall be available to all agents, servants, employees, representatives, all Participating (including inland and coastal) carriers and all stevedores, terminal operators, warehousemen, crane operators, watchmen, carpenters, ship cleaners, surveyors and all independent contractors whatsoever. In contracting for the foregoing exemptions, limitations of and exonerations from liability, the Carrier is acting as agent and trustee for and on behalf of all persons described above, all of whom shall to this extent be deemed to be a party to the contract evidenced by this Bill of Lading, regardless for whom acting or by whom retained and paid, it being always understood that said beneficiaries are not ntitled to any greater or further exemptions, limitations of or xonerations from liability than those that the Carrier has under this Bill of Lading in any given situation.
   c) The Carrier undertakes to procure such services as necessary and shall have the right at its sole discretion to select any mode of land, sea or air transport and to arrange participation by other carriers to accomplish the total or any part of the Carriage from Port of Loading to Port of Discharge or from Place of Receipt to Place of Delivery, or any combination thereof, except as may be otherwise provided herein.
   d) The Merchant agrees that the Carrier shall be deemed to be a beneficiary of the actual ocean carrier's bill of lading and of all exemptions, limitations of and exonerations from liability therein contained even though the Carrier acts as agent of the Merchant in contracting with the actual ocean carrier for the Carriage of the Goods. Notwithstanding, under no circumstances shall the Carrier be responsible for any damages to an extent greater than the actual ocean carrier or any beneficiaries thereof or hereof.
   e) No agent or servant of the Carrier or other person or class named in subdivision b) hereof shall have power to waive or vary any of the Terms and Conditions hereof unless such waiver or variation is in writing and is specifically authorized or ratified in writing by an officer or director of the Carrier having actual authority to bind the Carrier to such waiver or variation.
7. MERCHANT'S RESPONSIBILITY/ DESCRIPTION OF GOODS
   a) The description and particulars of the Goods set out on the face hereof or any description, particular or other representation appearing on the Goods or documents relating thereto are furnished by the Merchant and the Merchant warrants to the Carrier that the description, particulars and any representation made including, but not limited to, weight, content, measure, quantity, quality, condition, marks, numbers and value are correct.
   b) The Merchant warrants that it has complied with all applicable laws, regulations and requirements of Customs, Port and other Authorities and shall bear and pay all duties, taxes, fines, imposts, expenses and losses incurred or suffered by reason thereof or by reason of any illegal, incorrect or insufficient marking, numbering, addressing or any other particular relative to the Goods.
   c) The Merchant further warrants that the Goods are packed in a manner adequate to withstand the ordinary risks of Carriage having regard to their nature and in compliance with all laws, regulations and requirements which may be applicable.
   d) No Goods which are or may become dangerous, inflammable or damaging or which are or may become liable to damage any property or person whatsoever shall be tendered to the Carrier for Carriage without the Carrier's prior express consent in writing and without the Container or other covering in which the Goods are to be transported being distinctly marked on the outside thereof so as to indicate the nature and character of any such articles and so as to comply with all applicable laws, regulations and requirements. If any such articles are delivered to the Carrier without such written consent and marking or if in the opinion of the Carrier the articles are or are liable to become of a dangerous, inflammable or damaging nature, the same may at any time be destroyed, disposed of, abandoned or rendered harmless without compensation to the Merchant and without prejudice to the Carrier's right to Charges.
   e) The Merchant shall be liable for all loss or damage of any kind whatsoever, including but not limited to contamination, soiling, detention and demurrage before, during and after the Carriage of property (including but not limited to Containers) of the Carrier or any person or vessel (other than the Merchant) caused by the Merchant or any person acting on its behalf or for which the Merchant is otherwise responsible.
   f) The Merchant and the Goods themselves shall be liable for and shall indemnify the Carrier, and the Carrier shall have a lien on the Goods for all expenses of mending, repairing, fumigating, repacking, coopering, baling, reconditioning of the Goods and gathering of loose contents, also for expenses for repairing Containers damaged while in the possession of the Merchant, for demurrage on Containers and any payment, expense, fine, dues, duty, tax, import, loss, damage or detention sustained or incurred by or levied upon the Carrier, Vessel or any action or requirement of any government or governmental authority or person purporting to act under the authority thereof, seizure under legal process or attempted seizure, incorrect or insufficient marking, numbering or addressing of Containers or other packages or description of the contents, failure of the Merchant to procure consular, Board of Health or other certificates to accompany the Goods or to comply with laws or regulations or any kind imposed with respect to the Goods by the authorities at any port of place or any act or omission of the Merchant. The Carrier's lien shall survive delivery and may be enforced by private or public sale and without notice.
   g) The Merchant shall defend, indemnify and hold harmless the Carrier, any Participating carrier, independent contractor, their agents and servants, against any loss, damage, claim, liability or expense whatsoever arising from any breach of the provisions of this Clause 7. or from any cause in connection with the Goods for which the Carrier is not responsible.
8. CONTAINERS
   a) Goods may be stowed by the Carrier in or on Containers, and may be stowed with other goods. Containers, whether stowed by the Carrier or received fully stowed, may be carried on or under deck without notice, and the Merchant expressly agrees that cargo stowed in a Container and carried on deck is considered for all legal purposes to be cargo stowed under deck. Goods stowed in Containers on deck shall be subject to the legislation referred to in Clause 4. hereof and will contribute in General Average and receive compensation in General Average, as the case may be.
   b) The Terms and Conditions of this Bill of Lading shall govern the responsibility of the Carrier with respect to the supply of a container to the Merchant.

TERMS AND CONDITIONS

c)  If a Container has been stuffed by or on behalf of the Merchant, the Carrier, any Participating Carrier, all independent contractors and all persons rendering any service whatsoever hereunder shall not be liable for any loss or damage to the Goods, Containers or other packages or to any other goods caused (1) by the manner in which the Container has been stuffed and its contents secured, (2) by the unsuitability of the Goods for carriage in Containers or for the type of Container requested by and furnished to the Merchant, or (3) condition of the Container furnished, which the Merchant acknowledges has been inspected by it or on its behalf before stuffing and sealing.

d)  The Merchant shall defend, indemnify and hold harmless the Carrier, any Participating carrier, independent contractor, their agents and servants, against any loss, damage, claim, liability or expense whatsoever arising from one or more of the matters covered by a), b) and/or c) above.

9.  CONTAINERS WITH HEATING OR REEFER APPARATUS

Containers with temperature or atmosphere control apparatus for heating, refrigeration, ventilation or otherwise will not be furnished unless contracted for expressly in writing at time of booking and, when furnished, may entail increased Charges.  In the absence of an express request, it shall be conclusively presumed that the use of a dry container is appropriate for the Goods.

Merchant must provide Carrier with desired temperature range in writing at time of booking and insert same on the face side of the Bill of Lading, and where so provided, Carrier is to exercise due diligence to maintain the temperature within a reasonable range while the Containers are in its care, custody and/or control or that of any anticipating carrier or independent contractor.  The Carrier does not accept any responsibility for the functioning of temperature or atmosphere-controlled Containers not owned or leased by Carrier or for latent defects not discoverable by the exercise of due diligence.

Where the Container is stuffed or partially stuffed by or on behalf of the Merchant, the Merchant warrants that it has properly pre-cooled the Container, that the Goods have been properly stuffed and secured within the Container and that the temperature controls have been properly set prior to delivery of the Container to the Carrier, its agents, servants, or any Participating carrier or independent Contractor.  The Merchant accepts responsibility for all damage or loss of whatsoever nature resulting from a breach of any of these warranties, including but not limited to other cargo consolidated in the Container with the Merchant's Goods or to any other cargo, property or person damaged or injured as a result thereof, and the Merchant agrees to defend, indemnify and hold the Carrier, Participating carriers and independent contractors, their agents and servants,  harmless from and against all claims, suits, proceedings and all other consequences thereof regardless of their nature and merit.

10.  OPTION OF INSPECTION

The Carrier and any Participating carrier shall be entitled, but under no obligation, to open any Container at any time and to inspect the contents.  If it thereupon appears that the contents or any part thereof cannot safely or properly be carried or carried further, either at all or without incurring any additional expense, the Carrier and Participating carrier may abandon the transportation thereof and/or take any measures and/or incur any reasonable additional expenses to continue the Carriage or to store the Goods, which storage shall be deemed to constitute due delivery under this Bill of Lading.  The Merchant shall indemnify the Carrier, any Participating carrier, independent contractor, their agents and servants, against any reasonable additional Charges so incurred.

11.  DECK CARGO

Deck cargo (except that carried in Containers on deck) and live animals are received and carried solely at Merchant's risk (including accident or mortality of animals), and the Carrier will not in any event be liable for any loss or damage for or from which he is exempt, immune or exonerated by applicable law, or from any other cause whatsoever not due to the fault of the Carrier, any warranty of seaworthiness in the premises being hereby waived, and the burden of proving liability being in all respects upon the Merchant.  Except as may be otherwise provided, such shipments shall be deemed Goods and shall be subject to all Terms and Conditions of this Bill of Lading.

12.  METHODS AND ROUTES OF TRANSPORTATION

With respect to the Goods or Containers or other packages, the Carrier may at any time and without notice to the Merchant:

a)  use any means of transport (water, land and/or air) or storage whatsoever:

b)  forward, transship or retain on board or carry on another vessel or conveyance or by any other means of transport than that named on the reverse side hereof:

c)  carry Goods on or under deck at its option:

d)  proceed by any route in its sole and absolute discretion and whether the nearest, most direct, customary or advertised route or in or out of geographical rotation:

e)  proceed to or stay at any place whatsoever once or more often and in any order or omit calling at any port, whether scheduled or not:

f)  store, vanned or devanned, at any place whatsoever, ashore or afloat, in the open or covered:

g)  proceed with or without pilots:

h)  carry livestock, contraband, explosives, munitions, warlike stores, dangerous or hazardous Goods or Goods of any and all kinds:

i)  drydock or stop at any unscheduled or unadvertised port for bunkers, repairs or for any purpose whatsoever:

j)  discharge and require the Merchant to take delivery, vanned or devanned:

k)  comply with any orders, directions or recommendations given by any government or authority or by any person or body acting or purporting to act with the authority of any government or authority or having under the terms of the insurance on the Vessel or other conveyance employed by the Carrier the right to give such orders, directions or recommendations:

l)  take any other steps or precautions as may appear reasonable to the Carrier under the circumstances.

The liberties set out in subdivisions a) through l) may be invoked for any purpose whatsoever even if not connected with the Carriage covered by this Bill of Lading, and any action taken or omitted to be taken, and any delay arising therefrom, shall be deemed to be within the contractual and contemplated Carriage and not be an unreasonable deviation.

In no circumstance whatsoever shall the Carrier be liable for direct, indirect or consequential loss or damage caused by delay.

13.  MATTERS AFFECTING PERFORMANCE

In any situation whatsoever and wheresoever occurring and whether existing or anticipated before commencement of, during or after the Carriage, which in the judgment of the Carrier is likely to give rise to any hindrance, risk, capture, seizure, detention, damage, delay, difficulty or disadvantage or loss to the Carrier or any part of the Goods, or make it unsafe, imprudent, impracticable or unlawful for any reason to receive, keep, load, carry or discharge them or any part of them or commence or continue the Carriage or disembark passengers at the Port of Discharge or of the usual or intended place of discharge or delivery, or to give rise to danger, delay or difficulty of whatsoever nature in proceeding by the usual or intended route, the Carrier and any Participating carrier, independent contractor, their agents and servants, without notice to the Merchant, may decline to receive, keep, load, carry or discharge the Goods, or may discharge the Goods and may require the Merchant to take delivery and, upon failure to do so, may warehouse them at the risk and expense of the Merchant and Goods or may forward or transship them as provided in this Bill of Lading, or the Carrier may retain the Goods on board until the return of the Vessel to the Port of Loading or to the Port of Discharge or any other point or until such time as the Carrier deems advisable and thereafter discharge them at any place whatsoever.  In such event, as herein provided, such shall be at the risk and expense of the Merchant and Goods, and such action shall constitute complete delivery and performance under this contract, and the Carrier shall be free from any further responsibility.  For any service rendered as herein above provided or for any delay or expense to the Vessel or Carrier caused as a result thereof, the Carrier shall, in addition to full Charges, be entitled to reasonable extra compensation, and shall have a lien on the Goods for same.  Notice of disposition of the Goods shall be sent to the Merchant named in this Bill of Lading within a reasonable time thereafter.

All actions taken by the Carrier hereunder shall be deemed to be within the contractual and contemplated Carriage and not be an unreasonable deviation.

14.  DELIVERY

If delivery of the Goods or Containers or other packages or any part thereof is not taken by the Merchant when and where and at such time and place as the Carrier is entitled to have the Merchant take delivery, whether or not the Goods are damaged, they shall be considered to have been delivered to the Merchant, and the Carrier may, at its option, subject to its lien and without notice, elect to have same remain where they are or, if containerized, devanned and sent to a warehouse or other place, always at the risk and expense of the Merchant and Goods.

If the Goods are stowed within a Container owned or leased by the Carrier, the Carrier shall be entitled to devan the contents of any such Container, whereupon the Goods shall be considered to have been delivered to the Merchant, and the Carrier may, at its option, subject to its lien and without notice, elect to have same remain where they are or sent to a warehouse or other place, always at the risk and expense of the Merchant and Goods.

At ports or places where by local law, authorities or custom, the Carrier is required to discharge cargo to lighters or other craft or where it has been so agreed or where wharves are not available which the Vessel can get to, be at, lie at, or leave, always safely afloat, or where conditions prevailing at the time render discharge at a wharf dangerous, imprudent or likely to delay the Vessel, the Merchant shall promptly furnish lighters or other craft to take delivery alongside the Vessel at the risk and expense of the Merchant and the Goods. If the Merchant fails to provide such lighters or other craft, Carrier, acting solely as agent for the Merchant, may engage such lighters or other craft at the risk and expense of the Merchant and the Goods.  Discharge of the Goods into such lighters or other craft shall constitute proper delivery, and any further responsibility of Carrier with respect to the Goods shall thereupon terminate.

15.  CHARGES, INCLUDING FREIGHT

The Charges payable hereunder have been calculated on the basis of particulars furnished by or on behalf of the Merchant.  The Carrier shall, at any time, be entitled to inspect, reweigh, remeasure or revalue the contents and, if any of the particulars furnished by

the Merchant are found to be incorrect, the Charges shall be adjusted accordingly, and the Merchant shall be responsible to pay the correct Charges and all expenses incurred by the Carrier in checking said particulars or any of them.

Charges shall be deemed earned on acceptance of the Goods or Containers or other packages for shipment by or on behalf of the Carrier and shall be paid by the Merchant in full, without any offset, counterclaim or deduction, cargo and/or vessel or other conveyance lost or not lost, and shall be non-returnable in any event.

The Merchant shall remain responsible for all Charges, regardless whether the Bill of Lading states, in words or symbols, that it is "Prepaid," "To be Prepaid" or "Collect."

In arranging for any services with respect to the Goods, the Carrier shall be considered the exclusive agent of the Merchant for all purposes, and any payment of Charges to other than the Carrier shall not, in any event, be considered payment to the Carrier.

The Merchant shall defend, indemnify and hold the Carrier, any Participating carrier, independent contractor, their agents and servants, harmless from and against all liability, loss, damage and expense which may be sustained or incurred relative to the above.

16.  CARRIER'S LIEN

The Carrier shall have a lien on the Goods, inclusive of any Container owned or leased by the Merchant, as well as  on any Charges due any other person, and any documents relating thereto, which lien shall survive delivery, for all sums due under this contract or any other contract or undertaking to which the Merchant was party or otherwise involved, including, but not limited to, General Average contributions, salvage and the cost of recovering such sums, inclusive of attorney's fees.  Such lien may be enforced by the Carrier by public or private sale at the expense of and without notice to the Merchant.

The Merchant agrees to defend, indemnify and hold the Carrier, any Participating carrier, independent contractor, their agents and servants, harmless from and against all liability, loss, damage or expense which may be sustained or incurred by the Carrier relative to the above and the Merchant agrees to submit to the jurisdiction of any court, tribunal or other body before whom the Carrier may be brought, whether said proceeding is of a civil or criminal nature.

17.  BULK CARGO

The weight or quantity of any bulk cargo inserted in this Bill of Lading is the weight or quantity as ascertained by a third party other than the Carrier, and Carrier makes no representation with regard to the accuracy thereof.  This Bill of Lading shall not be deemed evidence against the Carrier of receipt of bulk cargo of the weight or quantity so inserted in the Bill of Lading.

18 GOLD, SILVER, ETC  .

Gold, silver, specie, bullion or other valuables, including those named or described in Sec. 4281 of the Revised Statutes of the United States, will not be received by the Carrier unless their true character and value are disclosed to the Carrier and a special written agreement therefor has been made in advance, and will not, in any case, be loaded or landed by the Carrier.  No such valuables shall be considered received by or delivered to the Carrier until brought aboard the ship by the shipper and put in the actual possession of, and a written receipt therefor is given by, the Master or other officer in charge.  Such valuables will only be delivered by the Carrier aboard the ship on presentation of proper documentation and upon such delivery the Carrier's responsibility shall cease.  If delivery is not so taken promptly after the ship's arrival at Port of Discharge, said valuables may be retained aboard or landed or carried on, solely at the risk and expense of the valuables and Merchant.

19.  RUST

It is agreed that superficial rust, oxidation or any like condition due to moisture, is not a condition of damage but is inherent to the nature of the Goods.  Acknowledgement of receipt of the Goods in apparent good order and condition is not a representation that such conditions of rust, oxidation or the like did not exist on receipt.

20.  GENERAL AVERAGE

a)  The Carrier may declare General Average which shall be adjusted according to the York/Antwerp Rules of 1994 and all subsequent amendments thereto from time to time made, at any place at the option of the Carrier and the Amended Jason Clause as approved by BIMCO is to be considered as incorporated herein, and the Merchant shall provide such security as may be required by the Carrier in this connection.

b)  Notwithstanding a) above, the Merchant shall defend, indemnify and hold harmless the Carrier and any Participating carrier, their agents and servants, in respect of any claim (and any expense arising therefrom) of a General Average nature which may be made against the Carrier and/or any Participating carrier and shall provide such security as may be required in this connection.

c)  Neither the Carrier nor any Participating carrier shall be under any obligation to take any steps whatsoever to collect security for General Average contributions due to the Merchant.

21.  LIMITATION OF LIABILITY

Except as otherwise provided in this Clause or elsewhere in this Bill of Lading, in case of any loss or damage to or in connection

with cargo exceeding in actual value the equivalent of $500 lawful money of the Unites States, per package, or in case of cargo not shipped in packages, per shipping unit, the value of the cargo shall be deemed to be $500 per package or per shipping unit.  The Carrier's liability, if any, shall be determined on the basis of a value of $500 per package or per shipping unit or pro rata in case of partial loss or damage, unless the nature of the cargo and valuation higher than $500 per package or per shipping unit shall have been declared by the Merchant before shipment and inserted in this Bill of Lading, and extra freight paid if required.  In such case, if the actual value of the cargo per package or per shipping unit shall exceed such declared value, the value shall nevertheless be deemed to be declared value and the Carrier's liability, if any, shall not exceed the declared value.

The words "shipping unit" shall mean each physical unit or piece of cargo not shipped in a package, including articles or things of any description whatsoever, except cargo shipped in bulk, and irrespective of the weight or measurement unit employed in  calculating freight and related charges.

As to cargo shipped in bulk, the limitation applicable thereto shall be the limitation provided in Section 1304(5) of COGSA, or such other legislation, convention or law as may be compulsorily applicable, and in no event shall anything herein be construed as a waiver of limitation as to cargo shipped in bulk.

Where a Container is not stuffed by or on behalf of the Carrier or the parties characterize the Container as a package or a lump sum freight is assessed, in any of these events, each individual such Container, including in each instance its contents, shall be deemed a single package and Carrier's liability limited to $500  with respect to each such package, except as otherwise provided in this Clause or elsewhere in this Bill of Lading with respect to each such package.  In the event this provision should be held invalid during that period in which compulsory legislation shall apply of its own force and effect, such as during the tackle-to-tackle period, it shall nevertheless apply during all non-compulsory periods such as, but not limited to, all periods prior to loading and subsequent to discharge from the Vessel for which the Carrier remains responsible.

Where compulsorily applicable legislation provides a limitation less than $500 per package or shipping unit, such lesser limitation shall apply and nothing herein contained shall be construed as a waiver of a limitation less than $500.

Further, where a lesser monetary limitation is applicable, such as during handling by a Participating carrier or ndependent contractor and damage occurs during its or their period of care, custody, control and/or esponsibility, the Carrier shall be entitled to avail itself of such lesser limitation.

22.  NOTICE OF CLAIM: TIME FOR SUIT                         .

As to any loss or damage presumed to have occurred during the Carrier's period of responsibility, the Carrier must be notified in writing of any such loss or damage or claim before or at the time of discharge/removal of the Goods by the Merchant or, if the loss or damage is not then apparent, within 3 consecutive days after discharge/delivery or the date when the Goods should have been discharged/delivered.  If not so notified, discharge, removal or delivery, depending upon the law applicable, shall be prima facie evidence of discharge/delivery in good order by the Carrier of such Goods.

In any event, the Carrier shall be discharged from all liability of whatsoever nature unless suit is brought within 1 year after delivery of the Goods or the date when the Goods should have been delivered, provided however, that if any claim should arise during a part of the transport which is subject by applicable law and/or tariff and/or contract to a shorter period for notice of claim or commencement of suit, any liability whatsoever of the Carrier shall cease unless proper claim is made in writing and suit is brought within such shorter period.

Suit shall not be deemed "brought" unless jurisdiction shall have been obtained over the Carrier by service of process or by an agreement to appear.  In the event this provision should be held invalid during that period in which compulsory legislation shall apply of its own force and effect, such as during the tackle-to-tackle period, it shall nevertheless apply during all non-compulsory periods during which the Carrier remains responsible for the Goods.

23.  LAW AND JURISDICTION
    a)  Governing Law shall be in accordance with Clause 4. hereof.
    b)  Jurisdiction
        All disputes in any way relating to this Bill of Lading shall be determined by the United States District Court for the Southern District of New York to the exclusion of the jurisdiction of any other courts in the United States or the courts of any other country PROVIDED ALWAYS that the Carrier may in its absolute and sole discretion invoke or voluntarily submit to the jurisdiction of any other court which, but for the terms of this Bill of Lading, could properly assume jurisdiction to hear and determine such disputes, but such shall not constitute a waiver of the terms of this provision in any other

instance.

24.  NON-WAIVER AND SEPARABILITY.
    Nothing in this Bill of Lading shall operate to deprive the Carrier of any statutory protection or any defense, immunity, exemption, limitation of or exoneration from liability contained in the laws of the United States, or of any other country whose
laws may be applicable.  The Terms and Conditions of this Bill of Lading (including all the terms and conditions of the carrier's
applicable tariff or tariffs, incorporated herein by virtue of Clause 2.

above) shall be separable, and if any part or term hereof shall be held invalid, such holding shall not affect the validity or enforceability of any other part or term hereof.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. 3:08-cv-53**

| | | |
|---|---|---|
| EVERLIGHT USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ATTORNEY CERTIFICATION** |
| | ) | **AND PROPOSED JOINT** |
| | ) | **DISCOVERY ORDER** |
| | ) | **FED.R.CIV.P 26(a),(f)** |
| CAROTRANS INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

1.      Pursuant to Fed.R.Civ.P. 26(f) and the Initial Order Regarding Planning and Scheduling, a telephone meeting was held on March 1, 2008, in which Jerome Miller, Esq., counsel for the plaintiff, and Don T. Evans, Jr. as counsel for Defendants, participated and conferred.  The following was agreed upon:

2.  Pre-Discovery Disclosures. The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by 30 March 2008.

3.  Discovery Plan. The parties jointly propose to the court the following discovery plan:

      a) All discovery shall be commenced in time to be completed by 31 December 2008.

      b) Discovery Limits:

1) Maximum of 30 interrogatories by each party to any other party.

2) Maximum of 30 requests for admission by each party to any other party.

3) Maximum of 5 depositions by plaintiff(s) and 5 by each defendant.

c) Reports from retained experts under Rule 26(a)(2) will be due:

1) from plaintiff(s) by 1 August 2008

2) from defendant(s) by 1 September 2008.  Supplementations under Rule 26(e) due within 30 days after each respective deadline.

4.   Other Items.

a)      The parties do not request a conference with the court before entry of the scheduling order.

b)      All potentially dispositive motions should be filed by 1 February 2009.

c)      Settlement and ADR: cannot be evaluated prior to ruling on Defendant's dispositive motions to be filed shortly.  A mediation may be most useful if conducted after resolution of any pending dispositive motions, but prior to further discovery.

d) Final lists of witnesses and exhibits under Rule 26(a)(3) are due: from plaintiff(s) by 1 January 2009 from defendant(s) by 1 February 2009.

e)      If the case is ultimately tried, trial is expected to take approximately 2 days.

f)      The parties have discussed the issue of consent to the jurisdiction

of a U.S. magistrate judge.

5.   Other matters regarding discovery or case management which may require

the Court's attention:  Witnesses and evidence are in foreign countries, namely

Peru.  Forum selection and venue are in a foreign state. Certain evidence may

be in the hands of a foreign sovereign.  (Government of Peru).

Completed 3 March 08.  Respectfully submitted this the 24th day of March 2008.


**CLARK, NEWTON, EVANS & BRYAN, L.L.P.**      **MILLER & MILLER, PA**

**By: /s/ Don T. Evans**                     **By: /s/ J. Jerome Miller**
Don T. Evans                                 J. Jerome Miller
N.C. State Bar No.:  19003                   NC Bar No.: 6767
Attorney for Defendants                      Attorneys for Plaintiff
509 Princess Street                          319 S. Sharon Amity Rd.
Wilmington, NC  28402                        Charlotte, NC  28211
Telephone:  (910) 762-8743                   Telephone:(704) 366-9129
Fax No.:  (910) 762-6206                     Fax No.: 704) 366-2686
dte@clarknewton.com                          katie@millerlawcharlotte.com
                                             jerry@millerlawcharlotte.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No.  3:08-cv-53**

| | | |
|---|---|---|
| **EVERLIGHT USA, INC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **MOTION FOR PARTIAL JUDGMENT** |
| | ) | |
| **CAROTRANS INTERNATIONAL,** | ) | **Fed.R.Civ.P. 12(c), 12(b)(1)-(3), (6)** |
| **INC.** | ) | |
| | ) | |
| **Defendant** | ) | |

Comes now the Defendant, and moves for PARTIAL ENTRY OF JUDGMENT.  On March 3, 2008, Defendant filed a motion for Judgment on the pleadings, to dismiss, or for transfer of venue  and memorandum in support thereof, and now, the deadline for Plaintiff to file its response has expired under Local Rule 7.1(E).  Therefore, the matter is currently ripe for adjudication.

Respectfully submitted this, the 24th day of March, 2008.

**CLARK, NEWTON, EVANS & BRYAN, L.L.P**.
Attorneys at Law and in Admiralty
*Counsel for Defendant*
By:  /s/
Don T. Evans, Jr.
NC Bar No.  19003
/s/ Seth P. Buskirk
NC Bar. No. 36664
509 Princess St.
Wilmington, North Carolina 28401
Telephone: (910) 762 -8743
Facsimile: (910) 762 6206

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have filed a copy of the foregoing **MOTION FOR PARTIAL ENTRY OF JUDGMENT**  with the ECF filing system and served it on Plaintiff by posting a copy thereof in the United States Mail, first class and postage prepaid, addressed to:

J. Jerome Miller
Miller and Miller, Esq.
319 South Sharron Amity Road, Suite 350
Charlotte, NC 28211

This, the 24th day of March, 2008.


/s/ Seth P. Buskirk

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Case No.  3:08-cv-53

| | | |
|---|---|---|
| **EVERLIGHT USA, INC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | **MEMORANDUM OF LAW IN** |
| | ) | **SUPPORT OF MOTION FOR** |
| **CAROTRANS** | ) | **PARTIAL JUDGMENT** |
| **INTERNATIONAL, INC.** | ) | |
| | ) | **Fed.R.Civ.P. 12(c), 12(b)(1)-(3), (6)** |
| **Defendant** | ) | |
| | ) | |

Defendant sets forth below its memorandum in support of the above-captioned motion.

### 1.  INTRODUCTION

After removing Plaintiff's state law complaint to the United States District Court for the Western District of North Carolina because the rights and duties of the parties are governed exclusively by Federal Statute, Defendant filed a Motion for Judgment on the pleadings, to dismiss, or for a transfer of venue on March 3, 2008.  The grounds for Defendant's motion included a failure to allege personal jurisdiction and a failure to file Plaintiff's lawsuit within the applicable statute of limitations along with other grounds.  As of today, March 24, 2008, Plaintiff has neither filed an amended complaint nor responded to Defendant's motion, and therefore, partial judgment should be entered against Plaintiff.  The only remaining

issue before the court should be Defendant's counterclaim against Plaintiff for unpaid freight charges.

**2. Plaintiff has not filed a timely response to Defendant's motion, and therefore, the Court should not consider a late response from Plaintiff, if it so chooses to file one.**

Defendant filed its Motion for Judgment on the Pleadings, etc. on March 3, 2008 by using the Court's Electronic Filing System. The Defendant's motion was considered filed on March 3, 2008, when the Electronic filing system sent a "Notice of Electronic Filing" to the parties on the same day. Administrative Procedures Governing Filing and Service by Electronic Means at II(A)(1). Rule 6 of the Federal Rules of Civil Procedure still governs computations of time for electronically filed documents. *Id.* at II(a)(6). Also, "[t]he three-day rule of Federal Rule of Civil Procedure 6(e) for service by mail shall also apply to service by electronic means." *Id.* at II(B)(5). Under Local Rule 7.1(E), "Responses to motions, if any, shall be filed within fourteen (14) days of the date on which the motion is served . . . ." Therefore, a response to Defendant's March 3rd motion should have been filed by March 20, 2007, when time is computed in light of Rule 6(e). As of today, no response has been filed and the time for doing so has expired.

**3. The Court should not consider any late response of Plaintiff, and partial judgment should be entered for Defendant.**

The court should only consider a late response to Defendant's motion if Plaintiff makes a motion to extend its time for responding and shows that it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  The Western District of North Carolina has held that a Plaintiff's "inadvertence," is not "excusable neglect" and is not grounds for extending the time to respond to a defendant's motion to dismiss.  <u>Lederer v. Hargraves Technology Corp.</u>,  256 F.Supp.2d 467, 470 (W.D.N.C. 2003). This is especially true when the defense experiences increased costs and substantial delays because of Plaintiff's untimeliness . *Id.*  Considering the fact that Plaintiff has filed a lawsuit that is well beyond the applicable statute of limitations and has failed to even allege personal jurisdiction over Defendant, or even move to amend its pleadings after being given notice of these deficiencies in Defendant's answer, any further delay in adjudicating this matter is would be unreasonably dilatory and inexcusable. Therefore, the Court should disregard any untimely response to Defendant's motion and grant partial judgment for Defendant, leaving only Defendant's counterclaim for unpaid freight charges to be resolved.

Respectfully submitted this, the 24th day of March, 2008.

**CLARK, NEWTON, EVANS & BRYAN, L.L.P**.
Attorneys at Law and in Admiralty
*Counsel for Defendant*
By:  /s/ Don T. Evans, Jr.
NC Bar No.  19003
/s/ Seth P. Buskirk
NC Bar. No. 36664
509 Princess St.
Wilmington, North Carolina 28401
Telephone: (910) 762 -8743
Facsimile: (910) 762 6206

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have filed a copy of the foregoing **MOTION FOR PARTIAL ENTRY OF JUDGMENT** with the ECF filing system and served it on Plaintiff by posting a copy thereof in the United States Mail, first class and postage prepaid, addressed to:

J. Jerome Miller

Miller and Miller, Esq.

319 South Sharron Amity Road, Suite 350

Charlotte, NC 28211

This, the 24th day of March, 2008.

/s/ Seth P. Buskirk

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No.  3:08-cv-53**

| | | |
|---|---|---|
| **EVERLIGHT USA, INC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER ON DEFENDANT'S** |
| | ) | |
| | ) | **MOTION FOR ENTRY OF PARTIAL** |
| | ) | **JUDGMENT** |
| **CAROTRANS INTERNATIONAL,** | ) | |
| **INC.** | ) | **Fed.R.Civ.P. 12(c), 12(b)(1)-(3), (6)** |
| | ) | |
| **Defendant** | ) | |

COMES NOW THE COURT, on Defendant's Motion for ENTRY OF PARTIAL JUDGMENT.

On March 3, 2008, Defendant filed a motion for Judgment on the pleadings, to dismiss, or for

transfer of venue and memorandum in support thereof, raising, *inter alia*, the defenses of failure

to plead personal jurisdiction and the statute of limitations.  These defenses were also raised in

Defendant's Answer.  Plaintiff has failed to move to amend its Complaint, and has now failed to

respond to the Motion.  The deadline for Plaintiff to file its Response has now expired.  The

Court now enters judgment in favor of Defendant on all of Plaintiff's causes of action and

dismisses Plaintiff's Complaint with prejudice.  The Defendant's counterclaim for unpaid freight

remains the only matter to be resolved.  SO ORDERED, this the __ day of March 2008.


_____

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:08-cv-53

| | | |
|---|---|---|
| EVERLIGHT USA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **STIPULATION OF DISMISSAL** |
| | ) | |
| CAROTRANS INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

It is hereby stipulated that the within action is hereby dismissed without prejudice and without costs to either party pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure for the reason that Plaintiff has received new information of a pending lawsuit in New York that may shortly resolve the entire case.

Dated:  March 24, 2008

**MILLER & MILLER**
**Attorneys for Plaintiff Everlight U.S.A., Inc.**

By:    /s/ J. Jerome Miller
       NC Bar No. 6767
       319 S. Sharon Amity Road, Suite 350
       Charlotte, NC 28211
       Telephone:  (704) 366-9129
       Facsimile:  (704) 366-9129
       E-mail:  jerry@millerlawcharlotte.com

**SO ORDERED** this ____ day of March, 2008.

_____

**HON. MARTIN REIDINGER**
**UNITED STATES JUDGE**

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Stipulation of Dismissal on behalf of Plaintiff,

Everlight U.S.A., Inc. was sent to the following via electronic mail and further by first class

mail:

> Don T. Evans, Jr., Esq.
> Clark Newton Evans & Bryan, LLP
> 509 Princess Street
> Wilmington, North Carolina 28401
> Telephone:  910-256-8484
> Facsimile:  910-256-8488
> E-mail:  dte@clarknewton.com
>
> Seth P. Buskirk, Esq.
> Clark Newton Evans & Bryan, LLP
> 509 Princess Street
> Wilmington, North Carolina 28401
> Telephone:  910-256-8484
> Facsimile:  910-256-8488
> E-mail:  spb@clarknewton.com
>
> Carotrans International, Inc.
> c/o Don T. Evans, Jr., Esq.
> Clark Newton Evans & Bryan, LLP
> 509 Princess Street
> Wilmington, North Carolina 28401
> Telephone:  910-256-8484
> Facsimile:  910-256-8488
> E-mail:  dte@clarknewton.com

This 24th day of March, 2008.

> **MILLER & MILLER**
> **Attorneys for Plaintiff Everlight U.S.A., Inc.**
>
> By:      /s/ J. Jerome Miller
>          NC Bar No. 6767
>          319 S. Sharon Amity Road, Suite 350
>          Charlotte, NC 28211
>          Telephone:  (704) 366-9129
>          Facsimile:  (704) 366-9129
>          E-mail:  jerry@millerlawcharlotte.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:08-cv-53**

| | | |
|---|---|---|
| EVERLIGHT USA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S MOTION TO** |
| vs. | ) | **VOLUNTARILY DISMISS** |
| | ) | **PLAINTIFF'S COMPLAINT** |
| CAROTRANS INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the Plaintiff and moves for VOLUNTARY DISMISSAL OF PLAINTIFF'S COMPLAINT, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure for the following reasons:

1)      Following the filing of this Complaint, Plaintiff has received new information regarding a pending lawsuit in New York involving the identical cargo container seized by the Peruvian Government.

2)      Plaintiff's counsel was recently contacted by New York counsel representing owners of cargo in the subject cargo container and said New York counsel has consented to represent Plaintiff in the New York case.

Counsel for Defendant has not consented to this Motion to Dismiss.  Defendant's Counterclaim will remain pending for independent adjudication.

Dated:  March 27, 2008

**MILLER & MILLER**
**Attorneys for Plaintiff Everlight U.S.A., Inc.**

By:     /s/ J. Jerome Miller
          NC Bar No. 6767
          319 S. Sharon Amity Road, Suite 350
          Charlotte, NC 28211
          Telephone:  (704) 366-9129
          Facsimile:  (704) 366-9129
          E-mail:  jerry@millerlawcharlotte.com

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Motion to Dismiss Plaintiff's Complaint on

behalf of Plaintiff, Everlight U.S.A., Inc. was sent to the following via electronic mail and

further by first class mail:

>Don T. Evans, Jr., Esq.
>Clark Newton Evans & Bryan, LLP
>509 Princess Street
>Wilmington, North Carolina 28401
>Telephone:  910-256-8484
>Facsimile:  910-256-8488
>E-mail:  dte@clarknewton.com
>
>Seth P. Buskirk, Esq.
>Clark Newton Evans & Bryan, LLP
>509 Princess Street
>Wilmington, North Carolina 28401
>Telephone:  910-256-8484
>Facsimile:  910-256-8488
>E-mail:  spb@clarknewton.com
>
>Carotrans International, Inc.
>c/o Don T. Evans, Jr., Esq.
>Clark Newton Evans & Bryan, LLP
>509 Princess Street
>Wilmington, North Carolina 28401
>Telephone:  910-256-8484
>Facsimile:  910-256-8488
>E-mail:  dte@clarknewton.com

This 27th day of March, 2008.

>**MILLER & MILLER**
>**Attorneys for Plaintiff Everlight U.S.A., Inc.**
>
>By:      /s/ J. Jerome Miller
>         NC Bar No. 6767
>         319 S. Sharon Amity Road, Suite 350
>         Charlotte, NC 28211
>         Telephone:  (704) 366-9129
>         Facsimile:  (704) 366-9129
>         E-mail:  jerry@millerlawcharlotte.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:08-cv-53**

| | | |
|---|---|---|
| EVERLIGHT USA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ON PLAINTIFF'S** |
| | ) | **MOTION TO VOLUNTARILY** |
| vs. | ) | **DISMISS PLAINTIFF'S COMPLAINT** |
| | ) | |
| CAROTRANS INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW THE COURT, on Plaintiff's Motion to Voluntarily Dismiss Plaintiff's Complaint. On March 27, 2008, Plaintiff filed a Motion to Dismiss Plaintiff's Complaint for the reason that Plaintiff has received new information of a pending lawsuit in New York that may shortly resolve the entire case. Counsel for Defendant has not consented to this Motion to Dismiss. The Court now dismisses Plaintiff's Complaint without prejudice. The Defendant's Counterclaim will remain pending for independent adjudication.

**SO ORDERED** this _____ day of March, 2008.

_____
**HON. MARTIN REIDINGER**
**UNITED STATES JUDGE**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.  3:08-cv-53**

| | |
|---|---|
| **EVERLIGHT USA, INC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) **RESPONSE TO PLAINTIFF'S MOTION TO** |
| | ) **VOLUNTARILY DISMISS PLAINTIFF'S** |
| **CAROTRANS INTERNATIONAL,** | ) **COMPLAINT** |
| **INC.** | ) |
| | ) |
| **Defendant** | ) |

Comes now the Defendant and responds to Plaintiff's Motion to Voluntarily Dismiss Plaintiff's

Complaint and requests this honorable court to deny Plaintiff's motion.  A memorandum in

support hereof is attached.

Respectfully submitted this, the 14th day of April, 2008.

**CLARK, NEWTON, EVANS & BRYAN, L.L.P**.
Attorneys at Law and in Admiralty
*Counsel for Defendant*
By:
/s/ Don T. Evans, Jr.
NC Bar No.  19003
/s/ Seth P. Buskirk
NC Bar. No. 36664
509 Princess St.
Wilmington, North Carolina 28401
Telephone: (910) 762 -8743
Facsimile: (910) 762 6206

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have filed a copy of the foregoing **RESPONSE TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS PLAINTIFF'S COMPLAINT** with the ECF filing system and served it on Plaintiff by posting a copy thereof in the United States Mail, first class and postage prepaid, addressed to:

J. Jerome Miller
Miller and Miller, Esq.
319 South Sharron Amity Road, Suite 350
Charlotte, NC 28211

This, the 14th day of April, 2008.

/s/ Don T. Evans, Jr.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No.  3:08-cv-53**

| | |
|---|---|
| **EVERLIGHT USA, INC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| ) | **MEMORANDUM OF LAW IN RESPONSE** |
| ) | **TO PLAINTIFF'S MOTION TO** |
| **CAROTRANS INTERNATIONAL,** ) | **VOLUNTARILY DISMISS PLAINTIFF'S** |
| **INC.** ) | **COMPLAINT** |
| ) | |
| **Defendant** ) | |
| ) | |

Plaintiff filed its Complaint on January 14, 2008 and Defendant removed to the United States

District Court for the Western District of North Carolina on February 12, 2008 and filed its answer,

motion to dismiss and counterclaim on February 19, 2008. On March 3, 2008 Defendant filed a motion

for judgment on the pleadings, to dismiss, or for a transfer of venue.  Plaintiff has not responded to

defendant's motion, and the time for such response has expired. On March 24, 2008 Defendant filed a

motion for entry of partial judgment.  Plaintiff has not responded to defendant's motion, and the time for

such response has expired.  Only after Defendant's two motion were filed, on March 24, 2008, did

Plaintiff attempt to stipulate to a dismissal of its complaint, but the time allowed to stipulate to dismissal

without prejudice, without Defendant's consent had expired. *See* Fed. R. Civ. P. 41(a)(1).  Now,Plaintiff

has moved the Court to dismiss its Complaint, but the Court should refrain from doing so to avoid

prejudicing Defendant. *See* Fed. R. Civ. P. 41(a)(2).

Plaintiff has indicted that another lawsuit regarding the same transactions and occurrences

identified in its Complaint is currently pending in New York, and Defendant has reason to believe that

Plaintiff has filed multiple lawsuits in multiple districts requiring Defendant to incur duplicative defense costs, which has financially prejudiced Defendant without justification.  Defendant, in good faith, has requested Plaintiff to provide further information regarding the New York lawsuit, and Plaintiff has not responded. (Ex. 1).   In the interest of judicial economy and to preclude Plaintiff from subjecting Defendant to duplicative lawsuits, which prejudice Defendant, the Court should deny Plaintiff's motion to dismiss and enter judgment according to Defendant's previous motion for the same and tax the costs and attorney's fees incurred thus far in this action against Plaintiff.  In the alternative, should the Court grant Plaintiff's motion and it be determined that Plaintiff has indeed filed multiple lawsuits in multiple jurisdictions, regarding the same transaction and occurrences without legal justification, then Plaintiff should pay Defendants costs and reasonable attorney's fees and Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE THE DEFENDANT PRAYS THE COURT:

1.  that Plaintiff's motion be denied;

2.  that the Court enter the relief requested in Defendant's motion for partial judgment;

3.  that the costs of this action be taxed against Plaintiff;

4.  that under the circumstances identified above, Plaintiff pay Defendant's reasonable attorney fees;

5.  that the Court enter any other such relief as it deems appropriate.

**CLARK, NEWTON, EVANS & BRYAN, L.L.P**.
Attorneys at Law and in Admiralty
*Counsel for Defendant*
By:
/s/ Don T. Evans, Jr.
NC Bar No.  19003
/s/ Seth P. Buskirk
NC Bar. No. 36664
509 Princess St.
Wilmington, North Carolina 28401

Telephone: (910) 762 -8743
Facsimile: (910) 762 6206

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the foregoing **MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS PLAINTIFF'S COMPLAINT** with the ECF filing system and served it on Plaintiff by posting a copy thereof in the United States Mail, first class and postage prepaid, addressed to:

J. Jerome Miller
Miller and Miller, Esq.
319 South Sharron Amity Road, Suite 350
Charlotte, NC 28211

This, the 14th day of April, 2008.

/s/ Seth P. Buskirk

## Don Evans

**From:** Don Evans [dte@clarknewton.com]
**Sent:** Tuesday, March 25, 2008 12:33 PM
**To:** 'J. Jerome Miller'
**Subject:** RE: Everlight USA, Inc. vs. Carotrans International, Inc.

Jerome:

When did you find out about a/the NY case/case pending?

R/

Don T. Evans, Jr.
**Clark, Newton, Evans & Bryan, LLP**
Attorneys at Law and in Admiralty
509 Princess Street
Wilmington, N.C. 28401
(910) 762-8743 – ph
(910) 762-6206 – fx
DTE@ClarkNewton.com

---

**From:** J. Jerome Miller [mailto:jerry@millerlawcharlotte.com]
**Sent:** Tuesday, March 25, 2008 11:01 AM
**To:** Don Evans
**Cc:** spb@clarknewton.com; Scott Chen
**Subject:** Everlight USA, Inc. vs. Carotrans International, Inc.

Don,

We have received information that there is a case pending in New York which may resolve these issues. Please advise if you are willing to sign a Stipulation of Dismissal regarding our claim and your counterclaim.

Sincerely,

Jerry Miller
Miller & Miller
319 S. Sharon Amity Road, Suite 350
Charlotte, North Carolina 28211
Telephone (704) 366-9129
Facsimile (704) 366-2686

CONFIDENTIALITY STATEMENT

The information contained in this electronic message is intended for the use of the person to whom it is addressed. If the reader of this message is not the intended recipient (or such recipient's employee or agent), you are hereby notified not to read, distribute or copy the message or materials attached hereto without the prior written consent of MILLER & MILLER. If you have received this electronic message in error, please notify MILLER & MILLER and purge the message you received.

DEFENDANT'S
EXHIBIT
1

4/14/2008

## Don Evans

**From:** J. Jerome Miller [jerry@millerlawcharlotte.com]
**Sent:** Tuesday, March 25, 2008 3:33 PM
**To:** Don Evans
**Subject:** Re: Everlight USA, Inc. vs. Carotrans International, Inc.

Don:
I presume your answer is No.

Sincerely,

Jerry Miller
Miller & Miller
319 S. Sharon Amity Road, Suite 350
Charlotte, North Carolina 28211
Telephone (704) 366-9129
Facsimile (704) 366-2686

CONFIDENTIALITY STATEMENT

The information contained in this electronic message is intended for the use of the person to whom it is addressed. If the reader of this message is not the intended recipient (or such recipient's employee or agent), you are hereby notified not to read, distribute or copy the message or materials attached hereto without the prior written consent of MILLER & MILLER. If you have received this electronic message in error, please notify MILLER & MILLER and purge the message you received.

On 3/25/08, **Don Evans** <dte@clarknewton.com> wrote:

> Jerome:
>
> I guess I should also ask what the NY case is about. Pls advise.
>
> R/
>
> Don T. Evans, Jr.
>
> **Clark, Newton, Evans & Bryan, LLP**
>
> Attorneys at Law and in Admiralty
>
> 509 Princess Street

4/14/2008

Wilmington, N.C. 28401

(910) 762-8743 – ph

(910) 762-6206 – fx

DTE@ClarkNewton.com

---

**From:** J. Jerome Miller [mailto:jerry@millerlawcharlotte.com]
**Sent:** Tuesday, March 25, 2008 11:01 AM
**To:** Don Evans
**Cc:** spb@clarknewton.com; Scott Chen
**Subject:** Everlight USA, Inc. vs. Carotrans International, Inc.


Don,


We have received information that there is a case pending in New York which may resolve these issues. Please advise if you are willing to sign a Stipulation of Dismissal regarding our claim and your counterclaim.

Sincerely,

Jerry Miller
Miller & Miller
319 S. Sharon Amity Road, Suite 350
Charlotte, North Carolina 28211
Telephone (704) 366-9129
Facsimile (704) 366-2686

CONFIDENTIALITY STATEMENT

The information contained in this electronic message is intended for the use of the person to whom it is addressed. If the reader of this message is not the intended recipient (or such recipient's employee or agent), you are hereby notified not to read, distribute or copy the message or materials attached hereto without the prior written consent of MILLER & MILLER. If you have received this electronic message in error, please notify MILLER & MILLER and purge the message you received.

--

## Don Evans

**From:** Don Evans [dte@clarknewton.com]
**Sent:** Tuesday, March 25, 2008 3:36 PM
**To:** 'J. Jerome Miller'
**Subject:** RE: Everlight USA, Inc. vs. Carotrans International, Inc.

Tell me what is going on and I will get with my client and consider it. Answering my previous two emails would help.

R/

Don T. Evans, Jr.
**Clark, Newton, Evans & Bryan, LLP**
Attorneys at Law and in Admiralty
509 Princess Street
Wilmington, N.C. 28401
(910) 762-8743 – ph
(910) 762-6206 – fx
DTE@ClarkNewton.com

**From:** J. Jerome Miller [mailto:jerry@millerlawcharlotte.com]
**Sent:** Tuesday, March 25, 2008 3:33 PM
**To:** Don Evans
**Subject:** Re: Everlight USA, Inc. vs. Carotrans International, Inc.

Don:
I presume your answer is No.

Sincerely,

Jerry Miller
Miller & Miller
319 S. Sharon Amity Road, Suite 350
Charlotte, North Carolina 28211
Telephone (704) 366-9129
Facsimile (704) 366-2686

CONFIDENTIALITY STATEMENT

The information contained in this electronic message is intended for the use of the person to whom it is addressed. If the reader of this message is not the intended recipient (or such recipient's employee or agent), you are hereby notified not to read, distribute or copy the message or materials attached hereto without the prior written consent of MILLER & MILLER. If you have received this electronic message in error, please notify MILLER & MILLER and purge the message you received.

On 3/25/08, **Don Evans** <dte@clarknewton.com> wrote:

Jerome:

4/14/2008

I guess I should also ask what the NY case is about. Pls advise.


R/


Don T. Evans, Jr.

**Clark, Newton, Evans & Bryan, LLP**

Attorneys at Law and in Admiralty

509 Princess Street

Wilmington, N.C.  28401

(910) 762-8743 – ph

(910) 762-6206 – fx

DTE@ClarkNewton.com

---

**From:** J. Jerome Miller [mailto:jerry@millerlawcharlotte.com]
**Sent:** Tuesday, March 25, 2008 11:01 AM
**To:** Don Evans
**Cc:** spb@clarknewton.com; Scott Chen
**Subject:** Everlight USA, Inc. vs. Carotrans International, Inc.


Don,


We have received information that there is a case pending in New York which may resolve these issues. Please advise if you are willing to sign a Stipulation of Dismissal regarding our claim and your counterclaim.

Sincerely,

Jerry Miller
Miller & Miller
319 S. Sharon Amity Road, Suite 350

Charlotte, North Carolina 28211
Telephone (704) 366-9129
Facsimile (704) 366-2686

CONFIDENTIALITY STATEMENT

The information contained in this electronic message is intended for the use of the person to whom it is addressed. If the reader of this message is not the intended recipient (or such recipient's employee or agent), you are hereby notified not to read, distribute or copy the message or materials attached hereto without the prior written consent of MILLER & MILLER. If you have received this electronic message in error, please notify MILLER & MILLER and purge the message you received.

--

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:08cv53**

| | | |
|---|---|---|
| **EVERLIGHT USA, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **CAROTRANS INTERNATIONAL INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Judgment on the Pleadings, to Dismiss or for Transfer of Venue [Doc. 7, filed March 3, 2008], the Defendant's Motion for Partial Judgment [Doc. 9, filed March 24, 2008], and the Plaintiff's Motion to Voluntarily Dismiss Plaintiff's Complaint [Doc. 11, filed March 28, 2008].

**PROCEDURAL HISTORY AND ALLEGATIONS OF THE COMPLAINT**

On January 11, 2008, the Plaintiff filed an Amended Complaint in Mecklenburg County Superior Court, [Doc. 1-2], wherein Plaintiff alleged

that it is a North Carolina corporation which entered into a contract with the

Defendant, a Delaware corporation, for the transportation of textile dyes

from Florida to Peru.  [Id., at ¶¶1, 2, 4, 5].  Plaintiff characterizes the

Defendant as "a non-vessel operating common carrier (NVOCC)" with

whom it entered into a "contract of carriage consist[ing] of six (6) ocean

Bills of Lading[.]" [Id., at ¶¶4, 6].  The Defendant then contracted with a

container ship to transport the goods from Florida to Peru. [Id., at¶7].  The

goods arrived in Peru on September 29, 2005 and were confiscated by

Peruvian Customs along with the cargo of other shippers. [Id., at ¶8].  The

Plaintiff alleged that the confiscation was the result of the Defendant's

negligence in mistakenly identifying the shipping agent's name and the

contents of the container. [Id., at¶9].  The Plaintiff also alleged that an

appeals process was exhausted in Peru and the final decision affirming the

confiscation was made on March 23, 2007. [Id., at ¶10].  The Plaintiff

alleged two claims against the Defendant, negligence and conversion.

The Defendant removed the action to this Court on February 12,

2008 on the basis of federal question jurisdiction. [Doc. 1].  On February

18, 2008, the Defendant filed its Answer which included a counterclaim for

freight charges which the Plaintiff allegedly never paid to the Defendant.

[Doc. 2].  The amount of such charges is not specified.

On March 3, 2008, the Defendant moved for judgment on the pleadings, and in the alternative, to dismiss, citing a variety of grounds. [Doc. 7].  As a second alternative, the Defendant moved for a transfer of venue to the Southern District of New York, citing a forum selection clause in the bills of lading at issue. [Id.].  That clause reads in pertinent part

> All disputes in any way relating to this Bill of Lading shall be determined by the United States District Court for the Southern District of New York to the exclusion of the jurisdiction of any other courts in the United States or the courts in any other country.

[Doc.7-2 at 8, Doc.7-3 at 3].  When the Plaintiff failed to respond to the motion, the Defendant moved a second time, pointing out the failure to respond. [Doc. 9].  In response to that motion, the Plaintiff filed a "Stipulation of Dismissal" which was not signed by the Defendant. [Doc.10]. Plaintiff's counsel was notified by chambers staff that the Stipulation of Dismissal was improper since the Defendant, which had filed an Answer and Counterclaim, had not signed the Stipulation of Dismissal.  Apparently in response to that communication, the Plaintiff then moved to dismiss its own Complaint pursuant to Rule 41. [Doc. 11].  In that motion, the Plaintiff acknowledged that there is another lawsuit pending in New York which

3

would be dispositive of the case. [Id.].  The Defendant objected because it has a pending counterclaim. [Doc. 12].  As of the entry of this Order the Plaintiff has filed no response to the Defendant's motions.

## DISCUSSION

In support of its Motion for Judgment on the Pleadings, To Dismiss, or for the Transfer of Venue, the Defendant raises the following grounds: (1) the Plaintiff has failed to allege any facts establishing personal jurisdiction over the Defendant, which has no North Carolina presence or contacts; (2) any claims which the Plaintiff might have are preempted by the Carriage of Goods by Sea Act (CGSA), 46 U.S.C. §30701, and as a result, the state law claims must be dismissed; (3) assuming that the Plaintiff had stated a claim under the CGSA, the statute of limitations ran before the action was brought; and (4) in the alternative, the case should be transferred to the Southern District of New York pursuant to a forum selection clause in the bills of lading. [Doc. 7-2].  In the second motion to dismiss filed by the Defendant, the same grounds are raised. [Doc. 9-2].  It appears that the only reason for the second motion was to bring to the Court's attention the fact that the Plaintiff had failed to respond to the first

motion.

As previously noted, not only has the Plaintiff failed to respond to the Motions to Dismiss, but it has moved to dismiss its own Complaint, stating that the pending action in New York should resolve this action.  The Defendant objects to the dismissal of the action set out in the Complaint, asking for judgment on the pleadings and requesting that its counterclaim remain pending.  The Court finds this position to be directly inconsistent with the Defendant's assertion that the forum selection clause requires any action regarding this dispute be brought in the United States District Court for the Southern District of New York.

Plaintiff seeks to dismiss its Complaint so that it may litigate its claims in New York.  Defendant argues that the Southern District of New York is the only forum in which this action can properly be brought.  Since it appears that all parties believe this case should be in New York, the Court will grant the Defendant's Motion for Transfer of Venue to the Southern District of New York.  All other motions will be denied as moot.


**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for

5

Transfer of Venue [Doc. 7] is hereby **GRANTED**, and this matter is hereby transferred to the United States District Court for the Southern District of New York;

    **IT IS FURTHER ORDERED** that the Defendant's Motion for Judgment on the Pleadings, and alternative Motion to Dismiss [Id.] and the Defendant's Motion for Partial Judgment [Doc. 9] are hereby **DENIED** as moot;

    **IT IS FURTHER ORDERED** that the Plaintiff's Motion to Voluntarily Dismiss Plaintiff's Complaint [Doc. 11] is hereby **DENIED**; and

        Signed: April 21, 2008

        Martin Reidinger
        United States District Judge

## UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
## WESTERN DISTRICT OF NORTH CAROLINA

**Frank G. Johns**
*Clerk*

**Terry Leitner**
*Chief Deputy*

**Telephone - (704) 350-7400**
**FAX -       (704) 344-6703**

May 5, 2008

Clerk of Court
United States District Court
500 Pearl Street
New York, NY 10007-1312

Re: Transfer of Case
Case No: 3:08-CV-53
Case Title: Everlight USA, Inc.  V.
                Carotrans International, Inc.

Dear Clerk:

Pursuant to Order filed 4/21/2008 , the above referenced case has been transferred to
your court.  Enclosed herewith are certified copies of the transferring document and
case docket.

Since our court is currently processing cases electronically on the CM-ECF application,
we no longer have paper files to transmit.  Our official court file is our electronic case
file which can be accessed through the U.S. Party/Case Index for downloading the
electronic documents.  If you do not have access to this index, you can access it
through the link located on our intranet court website.  Any documents unavailable in
electronic format will be forwarded conventionally to your court upon your request.

If you need assistance, you may call this court's help desk at 1-866-851-1605.

Sincerely,

Antonietta Basile

Deputy Clerk

enc.